**Paul G. NEWSHAM, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

**No. ED 83452.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 31, 2004.

Dana M. Ellison, St. Louis, MO, for appellant.

Joseph V. Neill, St. Louis, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

The Director of Revenue, State of Missouri ("Director") appeals the judgment of the circuit court reinstating the driving privileges of Paul G. Newsham ("Newsham"). The court noted on the record that Newsham was not adequately identified at hearing as the driver of the vehicle. Director appeals the judgment of the court asserting that the judgment was against the weight of the evidence and not supported by substantial evidence. We reverse and remand.

On October 27, 2002, Officer Michael Haman responded to a radio call regarding a car accident. He arrived at the scene, and spoke to Newsham. Newsham informed Officer Haman that he had been driving his car, traveling northbound on Wabash. Newsham said he lost control of his vehicle, crossed the center lane, and hit another vehicle. According to Officer Haman, Newsham informed him that he had consumed six to ten beers. Officer Haman observed that Newsham had a hard time standing, and his eyes were bloodshot. Officer Haman also smelled a strong smell of alcohol coming from Newsham's breath. Newsham refused to submit to field sobriety tests, and Officer Haman ultimately arrested Newsham. He was taken to the Traffic Safety office, where he met Officer Chris Gunter. Officer Gunter interviewed Newsham, and administered a gaze nystagmus eye exam, which Newsham failed. Officer Gunter asked Newsham to submit to a breath test, and Newsham refused.

Director revoked Newsham's license for refusal to submit to a breath test, and Newsham filed a petition for review in the circuit court. The matter was heard, and the court entered a judgment and order reinstating Newsham's driving privileges. The present appeal followed.

The judgment of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously applies or declares the law. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo.App. 2000).

In its sole point on appeal, Director argues that the trial court erred in reinstating Newsham's driving privileges because the judgment was against the weight of the evidence and not supported by substantial evidence. Specifically, Director claims that the evidence showed the Newsham was arrested based upon probable cause, Newsham refused to submit to testing at the time of the arrest, and Newsham filed a petition to challenge the revocation, but did not otherwise testify to mistaken identity.

Pursuant to section 577.041 RSMo (Cum.Supp.2002), a person who refuses to take a breath test shall have their license revoked. The statute provides that such a person may request a hearing before a court in the county in which the stop or

arrest occurred. The purpose of the hearing under section 577.041 is for the court to determine only: (1) whether the person was arrested; (2) whether there were reasonable grounds to support the arresting officer's belief that the person driving the vehicle was intoxicated; and (3) whether the person refused to submit to the test. Section 577.041.5 provides that "[i]f the court determines any issue not to be in the affirmative, the court shall order the director to reinstate the license or permit to drive."

Director notes that on the record, the trial court stated that Newsham was not adequately identified at hearing as the driver of the vehicle. Newsham cites *McFarland v. Wilson*, 33 S.W.3d 691, 695 (Mo.App.2000), for the proposition that the court must determine whether the state has shown that the person subject to revocation was, in fact, driving the vehicle. However, Newsham fails to acknowledge that in *Hinnah v. Director of Revenue*, 77 S.W.3d 616 (Mo. banc 2002), the Missouri Supreme Court found that in its enactment of section 577.041, the legislature did not contemplate a showing of who was actually driving the vehicle. The court stated that pursuant to the plain language of the statute, the question is not whether the person arrested was actually driving the vehicle. *Id.* at 622. Rather, revocation of a person's license is required if he or she refuses a chemical test after an arrest based on probable cause to believe that the person was driving while intoxicated. *Id.* at 620.

■ Here, there is substantial evidence in the record before us to show that Newsham was arrested, and that he refused to submit to a breath test. Officer Haman, who arrived at the scene of the accident, testified that he arrested Newsham. Several reports concerning the arrest were completed with identifying information

such as Newsham's name, driver's license number, address, physical description, and date of birth. Newsham filed a petition for review listing the same social security number on his petition as the driver's license number contained on the reports. In his petition for review, Newsham did not make any argument regarding mistaken identification as the driver of the vehicle, or as the person arrested. In fact, in paragraph five of his petition, Newsham pleaded that *on the date and time he was arrested* he was not in an intoxicated condition. (Emphasis added) Officer Haman arrested Newsham at the scene of the accident, and testified that Newsham informed him that he was driving the vehicle. Officer Gunter identified Newsham during the hearing as the person brought in to the Traffic Safety officer by Officer Haman because Newsham had been involved in an auto accident. A complaint and summons was also completed stating that Newsham committed the offense of driving while intoxicated, in violation of 577.010 RSMo (2000). Officer Gunter interviewed Newsham at the Traffic Safety office, and asked him to submit to a breath test. Newsham refused.

We must next consider whether the arresting officer had reasonable grounds to believe that "the person driving the vehicle" was intoxicated.

■ "Reasonable grounds," as stated in section 577.041.4 is essentially synonymous with probable cause. *Hawkins v. Director of Revenue*, 7 S.W.3d 549, 551 (Mo.App.1999). "Probable cause to arrest for driving while intoxicated exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist." *Rain v. Director of Revenue*, 46 S.W.3d 584, 587 (Mo. App.2001). The determination of probable cause is based on the particular facts and

circumstances of each individual case. *Id.* at 588.

In the present case, when he responded to the accident, Officer Haman talked to Newsham. Newsham informed Officer Haman that he had been driving his vehicle and lost control, hitting another car. Officer Haman noticed that Newsham had bloodshot eyes, and he detected the strong smell of alcohol coming from Newsham's breath. Newsham told Officer Haman that he had consumed six to ten beers. Officer Gunter also noted that Newsham displayed "indicators" of impairment, such as bloodshot eyes and poor balance. Officer Gunter testified that he detected the odor of alcoholic beverage while interviewing Newsham as well. The unusual or illegal operation of the vehicle, coupled with the testimony regarding the odor of alcohol, bloodshot eyes, and Newsham's statement that he had consumed six to ten beers, was sufficient to establish probable cause to believe that Newsham was driving while intoxicated.

There was no substantial evidence on the record before us to refute the proof that Newsham refused a chemical test after an arrest based on probable cause to believe that he was driving while intoxicated. Therefore, revocation was proper, and the judgment of the trial court reinstating Newsham's driving privileges was against the weight of the evidence.

The judgment of the trial court is reversed and the cause remanded with directions to enter a judgment reinstating the revocation of Newsham's driving privileges.

WILLIAM H. CRANDALL JR., J., concurs.

MARY R. RUSSELL, J., concurs.