**CITY OF ST. JOSEPH, Missouri, Appellant,**

v.

**VILLAGE OF COUNTRY CLUB, Missouri, Respondent.**

No. SC 86603.

Supreme Court of Missouri, En Banc.

May 31, 2005.

Neil R. Shortlidge, Overland Park, KS, T. Chris Williams, Paul A. Campo, Kansas City, Lisa M. Robertson, Timothy J. Davis, St. Joseph, MO, for Appellant.

Ronald R. Holliday, Buchanan County Prosecutor's Office, St. Joseph, MO, for Respondent.

PER CURIAM.

Both the City of St. Joseph (City) and the Village of County Club (Village) sought to involuntarily annex the same unincorporated area of land in Andrew County pursuant to section 71.015, RSMo 2000 [1]. The City approved a resolution of intent to annex the land. One week later, the Village similarly approved a resolution of intent to annex the same area of land. At the same time, it gave first reading to an ordinance proposing annexation and set a public hearing for the following month.

The City filed this declaratory judgment action seeking a determination that under the doctrine of prior jurisdiction it gained the right to proceed with annexing the unincorporated area of land because it took the first "valid step" toward annexation when it passed its *resolution of intent to annex* the area. The Circuit Court of Andrew County disagreed. It determined that, under section 71.015, the Village took the first valid step towards annexation of the disputed area when, a week later, it proposed its *annexation ordinance*. Judgment was entered for the Village. City appeals. Following a *per curiam* opinion by the Court of Appeals,

---

1. Unless otherwise indicated, all statutory ref-    erences are to RSMo 2000.

Western District, this Court granted transfer. *Mo. Const. art. V, sec. 10.*[2]

The trial court correctly determined that under section 71.015 the proposal of an ordinance to annex is the first valid step toward annexation. The judgment is affirmed.

### *DISCUSSION*

■ At issue is which of the two municipalities has jurisdiction to proceed with the annexation. The issue is determined by application of the common law doctrine of "prior jurisdiction." The doctrine of prior jurisdiction has long been established in Missouri. It provides that, as between two municipalities competing for the same territory, the one undertaking the first "valid step" toward annexation has priority. *State ex inf. Taylor ex rel., Kansas City v. North Kansas City,* 360 Mo. 374, 228 S.W.2d 762, 779 (1950). This Court described the doctrine in *Liberty v. Dealers Transport Co.* as follows:

> The prior jurisdiction doctrine resulted from the sound recognition that there cannot be two municipal corporations with co-extensive powers of government extending over the same area. The resulting and settled rule is that where two public bodies such as a municipal corporation or school district each claim jurisdiction over the same territory by virtue of completed consolidation proceedings or by completed annexation proceedings, the one which takes the *first valid step* to establish the consolidation or annexation has the superior

claim regardless of which one completes its proceedings first.

343 S.W.2d 40, 42 (Mo.1961).

■ The question then becomes, which action constitutes the first valid step for purposes of section 71.015—adoption of a resolution of intent to annex or proposal of an ordinance to annex? Section 71.015.1 sets out the procedures that must be followed to effect an involuntary annexation. Statutory construction is strictly a matter of law. *Lincoln Industrial, Inc. v. Dir. of Revenue,* 51 S.W.3d 462, 464 (Mo. banc 2001). Questions of law are matters for the independent judgment of this Court. *Gammaitoni v. Dir. of Revenue,* 786 S.W.2d 126, 128 (Mo. banc 1990).

Although section 71.015.1 contains nine subdivisions, the first two are most relevant to the dispute on appeal.[3] The City suggests that subdivision (1) is dispositive and makes passage of a resolution the first valid step, while the Village suggests that subdivision (2) is dispositive and makes proposal of an ordinance the first valid step. These subdivisions provide:

1. Should any city, town or village [other than a charter county] seek to annex an area to which objection is made, the following shall be satisfied:

   (1) *Before the governing body of any city, town, or village has adopted a resolution to annex* any unincorporated area of land, such city, town, or village shall first as a condition precedent determine that the land to be annexed is contiguous to the existing city, town, or village limits and that the length of the contiguous boundary common to the existing

---

2. Portions of that *per curiam* opinion are incorporated without further attribution.

3. Subsequent amendments to section 71.015 do not have any substantive effect on the discussion of the 1980 amendment to the stat-

ute. Unless otherwise noted, the current version of the statute is quoted, which incorporates both the 1980 version and subsequent, non-relevant amendments, for simplification purposes.

city, town, or village limit and the proposed area to be annexed is at least fifteen percent of the length of the perimeter of the area proposed for annexation.

(2) *The governing body of any city, town, or village shall propose an ordinance setting forth the following:*

(a) The area to be annexed and affirmatively stating that the boundaries comply with the condition precedent referred to in subdivision (1) above;

(b) That such annexation is reasonable and necessary to the proper development of the city, town, or village;

(c) That the city has developed a plan of intent to provide services to the area proposed for annexation;

(d) That a public hearing shall be held prior to the adoption of the ordinance;

(e) When the annexation is proposed to be effective, the effective date being up to thirty-six months from the date of any election held in conjunction thereto.

(emphasis added). This version of the statute was adopted in 1980. Prior to its 1980 amendment, section 71.015, RSMo 1978, had read in relevant part:

*Whenever the governing body of any city has adopted a resolution to annex any unincorporated area of land, such city shall, before proceeding as otherwise authorized by law or charter for annexation of unincorporated areas, file an action in the circuit court of the county in which such unincorporated area is situated* under the provisions of chapter 527, RSMo, praying for a declaratory judgment authorizing such annexation. The petition in such action shall state facts showing:

(1) The area to be annexed;

(2) That such annexation is reasonable and necessary to the proper development of said city; and

(3) The ability of said city to furnish normal municipal services of said city to said unincorporated area within a reasonable time after said annexation is to become effective.

Such action shall be a class action against the inhabitants of such unincorporated area under the provision of section 507.070.

(emphasis added).

The pre–1980 version of the statute was clear that the first valid step toward annexation was adopting a resolution to annex, for that statute provided that the city must first pass such a resolution and then file a declaratory judgment action. An ordinance was neither necessary nor sufficient as a basis to annex.

The current statute is different. Looking at the plain language of section 71.015.1(1), while it mentions adoption of a "resolution to annex," that reference can best be described as vague. The timing to adopt a resolution is not set out, and the purpose of doing so is not explained, for the statute no longer makes adoption of such a resolution a requirement for annexation. Neither does the statute set out any matters that must be included in such a resolution or require the municipality to follow through with any additional actions in regard to the resolution if it is adopted. A general resolution thus does little more than place an area on notice that it is under consideration for possible annexation.

By contrast, subdivision (2) of the statute sets forth a very detailed and elaborate structure for a municipality to accomplish an involuntary annexation of territory, beginning with the proposal of an ordinance by the city, village or town's governing body. Subdivision (2) then sets forth vari-

ous matters that must be contained in the ordinance, including a description of the area to be annexed and an affirmative statement of compliance with the contiguousness requirement; (b) a finding that the annexation is reasonable and necessary to the proper development of municipality; (c) a plan of intent to provide services for the area, (d) provision for a public hearing prior to adoption of the ordinance, and (e) the effective date of the annexation.

In keeping with the detailed nature of the ordinance requirement, subdivision (3) provides that the city must fix a date for public hearing *on the ordinance*, not on a resolution, and subsection (5) requires the filing of a declaratory judgment action to (a) ensure compliance with the contiguousness requirement, (b) demonstrate the annexation is reasonable and necessary to the proper development of the municipality, and (c) demonstrate that the municipality can furnish appropriate services to the area. *Section 71.015.1(3), (5)*. Finally, subdivision (6) also requires at least one election to be held on the issue of annexation. *Section 71.015.1(6)*.

■ As these detailed requirements for annexation make clear, the legislature intended to require a municipality to approach involuntary annexation with careful attention to its consequences and with respect for the rights of, and the need for information by, the citizens in both the annexing municipality and the proposed annexation area. The ordinance requirements reflect this careful and precise process. *Cf. Julian v. Mayor of Liberty*, 391

S.W.2d 864, 866–67 (Mo.1965) (explaining a "resolution" is "something less formal than" an "ordinance[.]" "[G]enerally, it is a mere expression of the opinion or mind. . . . A resolution is not a law," and "it need not be in any set or particular form." (internal quotation marks and citations omitted)); *State ex rel. Gove v. Tate*, 442 S.W.2d 541, 542 (Mo. banc 1969) (discussing a long line of cases differentiating between a "resolution" and an "ordinance" and quoting *Julian*, 391 S.W.2d at 867, in holding that "[a] resolution 'will not suffice when action on the part of a municipality is required to be taken by ordinance' ").

■ In sum, section 71.015.1 makes proposal of an ordinance to annex the triggering mechanism for the requirements of section 71.015; it ensures that the annexing municipality is *genuinely serious* about the annexation. To allow an annexing municipality to acquire prior jurisdiction with a bare resolution of intent would frustrate the thoughtful process installed by the legislature that calls for the demonstration of detailed planning and careful consideration. For these reasons, this Court finds that under section 71.015 the annexing municipalities are to approach involuntary annexation with deliberation and care as reflected by the required contents of a proposed ordinance. Accordingly, this Court holds that the first "valid step" toward involuntary annexation for the purpose of the prior jurisdiction rule is the municipality's proposal of an ordinance as required by section 71.015.1(2).[4]

---

4. Any reliance on *City of Kirkwood v. Allen*, 399 S.W.2d 30, 38 (Mo. banc 1966), by the city is misplaced because that case predates the 1980 amendment of section 71.015. *State ex inf. Nesslage v. Vil. of Flint Hill*, 718 S.W.2d 210 (Mo.App.1986), does not aid the city because the parties in that case agreed that the resolution of intent to annex was the first valid step to the annexation. The court

was not required to examine the validity of that agreement. Similarly, in *State ex inf. Nesslage v. Lake St. Louis*, 718 S.W.2d 214, 219 (Mo.App.1986), the parties did not contest what act constituted the first valid step to annexation. To the extent *Flint Hill* and *Lake St. Louis* hold that adoption of a resolution of intent to annex is the first valid step of an annexation, they are overruled.

## CONCLUSION

Because Village proposed an ordinance first, the trial court correctly held that Village has exclusive jurisdiction to proceed with the involuntary annexation procedures of the unincorporated area of land in Andrew County described in its proposed ordinance. The judgment is affirmed.

All concur.