**Randall L. ARCH, Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Appellant.**

No. ED 86075.

Missouri Court of Appeals, Eastern District, Division One.

March 21, 2006.

---

1. All subsequent statutory references are to RSMo 2000, unless otherwise noted.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, MO, for appellant.

Melissa A. Faurot, Columbia, MO, for respondent.

Before MARY K. HOFF, P.J., CLIFFORD H. AHRENS, J., and PATRICIA L. COHEN, J.

PER CURIAM.

The Director of Revenue, State of Missouri ("Director") appeals the judgment of the circuit court reinstating the driving privileges of Randall L. Arch ("Arch"). Director argues that the court erred in reinstating Arch's driving privileges because there was sufficient evidence to establish that Arch was arrested and that the arresting officer had reasonable grounds to believe Arch was driving while intoxicated. We reverse and remand.

Arch received notice that his license was to be revoked for refusal to submit to a chemical test, pursuant to section 577.041 RSMo (Cum.Supp.2004). Arch filed a petition for review of the revocation. The cause was called, and the parties stipulate that the matter was submitted to the trial court on the arrest report completed at the time of Arch's refusal[1]. The court en-

---

1. The parties have filed an agreed statement to the record on appeal, pursuant to Missouri

tered a judgment and order, finding that Arch was not "lawfully" arrested, and the arresting officer did not have reasonable grounds to believe Arch was driving while intoxicated. The court ordered reinstatement of Arch's driving privileges. Director now appeals.

We will affirm the judgment of the trial court unless is it against the weight of the evidence, it is not supported by the evidence, or it erroneously applies or declares the law. *Newsham v. Director of Revenue*, 142 S.W.3d 207, 208 (Mo.App.2004) (citation omitted).

In its sole point on appeal, Director claims the trial court erred in reinstating Arch's driving privileges because the evidence showed that Arch was arrested and that the arresting officer had reasonable grounds to believe Arch was driving while intoxicated.

▪ Pursuant to section 577.041, when an individual refuses to submit to a breath test, his or her license shall be revoked. The statute provides that such an individual may request review of the revocation. The trial court reviewing the revocation of a driver's license considers only whether the individual was arrested, whether the arresting officer had reasonable grounds to believe the individual was driving while intoxicated, and whether the individual refused to submit to a breath test. *Newsham*, 142 S.W.3d at 209. If the court determines any of these issues not to be in the affirmative, the individual's driving privileges shall be reinstated. *Id.*; (citing section 577.041.5).

The trial court in the present case specifically found that Arch did refuse the chemical breath test. However, the court based its reinstatement of Arch's driving privileges on the other elements required for revocation.

▪ First, the court found that Arch was not "lawfully" arrested. Arch concedes that the lawfulness of his arrest is not relevant to the inquiry because this is a civil case and the "exclusionary rule" does not apply[2]. Pursuant to section 577.041, the trial court must only determine whether Arch was arrested. The statute does not require a showing that the arrest made was lawful. *Garriott*, 130 S.W.3d at 616 n. 3. In his brief, Arch argues that the officer's statement in the report shows that Arch was arrested and transported to the station, but the trial court held that Arch was not, in fact, legally arrested. Arch claims that the record on appeal is insufficient to indicate what evidence was presented to the trial court. However, as previously noted, an agreed statement to the record on appeal was subsequently filed. In this statement, both parties stipulate that the evidence considered by the trial court consisted of the arrest report contained in the record on appeal. Thus, Arch's argument is moot.

The arrest report, which includes the alcohol influence report and a narrative report written by the arresting officer,

Supreme Court Rule 81.13, which states that the parties "stipulate that the evidence considered by the court below consisted of the arrest report set forth ..." in the record on appeal.

2. The exclusionary rule requires that illegally obtained evidence cannot be used in a criminal proceeding against the victim of an unlawful search and seizure. *Riche v. Director*

*of Revenue*, 987 S.W.2d 331, 332 (Mo. banc 1999) (citation omitted). Review of a revocation of driving privileges for refusal to take a chemical breath test is a civil proceeding. *Sullins v. Director of Revenue*, 893 S.W.2d 848, 850 (Mo.App.1995) (citation omitted). The exclusionary rule does not apply to such civil proceedings. *Garriott v. Director of Revenue*, 130 S.W.3d 613, 616 (Mo.App.2004).

clearly shows that Arch was arrested. The officer marked the reading of Miranda rights [3], which begins with the statement, "[b]ecause you are under arrest, I am informing you of your constitutional rights." The report notes that the rights were given at the "station." The implied consent portion of the report is filled in, including the section marked, "[f]or use in DWI arrest only." Moreover, in the arresting officer's narrative report, he states that Arch failed the field sobriety test and was "placed under arrest and transported to station," where he was ultimately placed in the custody of Shelby County. As a result of the foregoing, it is clear from the evidence that Arch was arrested.

■ The trial court also found that the arresting officer did not have reasonable grounds to believe Arch was driving while intoxicated.

■ The terms "reasonable grounds" and "probable cause" are basically synonymous terms. *Newsham,* 142 S.W.3d at 209 (citation omitted). An officer has probable cause to arrest an individual for driving while intoxicated when he observes the illegal or unusual operation of a vehicle, and he observes indicia of intoxication when he comes in contact with the driver. *Id.*

Here, the officer's narrative report indicates that he was contacted by the Shelby County Sheriff's office regarding a vehicle weaving in and out of traffic. The officer noted in his report that he subsequently observed the vehicle weaving in the traffic lane. The alcohol influence report contains a statement that the arresting officer observed Arch driving. The officer stated, in his narrative report, that he "noticed a strong odor of an apparent alcoholic beverage on [Arch's] breath," and he noted that Arch was swaying when he exited the vehicle. The alcohol influence report also reflects the officer's observation that Arch had bloodshot eyes, slurred speech, and swaying balance or walking.

■ Additionally, Arch failed field sobriety tests. He displayed all six clues during the horizontal gaze nystagmus [4], and the officer noted that during the walk and turn test, Arch lost balance while turning or turned improperly and he took the incorrect number of steps. While field sobriety tests are not mandatory, the results of the tests can be used to aid an officer in conjunction with his other observations to determine whether he has probable cause to arrest an individual. *Coyle v. Director of Revenue,* 88 S.W.3d 887, 894 (Mo.App. 2002) (citation omitted). As previously noted, in addition to Arch's failure of the walk and turn test and the HGN test, the officer observed other indicia of intoxication.

These similar facts have been sufficient to support a finding of reasonable grounds to believe an individual was driving while intoxicated in previous cases. *Norris v. Director of Revenue,* 156 S.W.3d 786, 788 (Mo.App.2005) (driver's swaying, poor balance, slow and slurred speech and strong odor of intoxicants on driver's breath established reasonable grounds to believe

---

3. In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court determined that a suspect taken into custody must be informed of his right to remain silent, and his right to an attorney.

4. The horizontal gaze nystagmus ("HGN") test measures eye movement and scores one point for eye movement indicative of alcohol influence for three individual tests for each eye. *State v. Rose,* 86 S.W.3d 90, 96 (Mo.App. 2002). The highest possible score on the test is six points, and a score of four points or more indicates that a suspect is intoxicated. *Id.;* (citing *See Parrish v. Dir. of Revenue,* 11 S.W.3d 652, 655 (Mo.App.1999)).

the individual was driving while intoxicated); (citing *See Rain v. Dir. of Revenue,* 46 S.W.3d 584, 588–89 (Mo.App.2001) (finding that driver's glassy and bloodshot eyes, unsteadiness on his feet, slurred speech, and difficulty concentrating were sufficient indicia of intoxication to provide reasonable grounds for the officer to believe that the driver was driving while intoxicated)); *Coyle,* 88 S.W.3d at 894 (poor performance on field sobriety tests, coupled with the officer's observation of glassy, bloodshot eyes, dilated pupils, slurred speech, odor of alcohol on breath, and swaying constituted probable cause to believe individual was driving while intoxicated).

As a result of the foregoing, there was sufficient evidence to establish probable cause to arrest Arch for driving while intoxicated. Thus, the trial court erred in ordering Arch's driving privileges reinstated.

The judgment of the trial court is reversed and the cause is remanded with directions to enter a judgment reinstating the revocation of Arch's driving privileges.