**CITY OF ST. JOSEPH, Missouri,**
**Respondent,**

v.

**VILLAGE OF AGENCY,**
**Missouri, Appellant.**

**No. WD 66205.**

Missouri Court of Appeals,
Western District.

April 3, 2007.

George S. Murray, III, Esq., St. Joseph, MO, for Appellant.

Lisa M. Robertson, Esq., St. Joseph, MO, Neil R. Shortlidge, Esq., Overland Park, KS, Joseph G. Lauber, Esq., Kansas City, MO, for Respondent.

Before HOLLIGER, P.J., SMITH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

The Village of Agency (Village) appeals from a judgment invalidating two annexation ordinances. The Village contends the circuit court erred in determining that the City of St. Joseph (City) had prior jurisdiction over territory the Village sought to annex. For reasons explained herein, we affirm the circuit court's judgment.

FACTUAL AND PROCEDURAL HISTORY

On December 6, 2004, the City introduced a council ordinance proposing to

annex certain tracts of land located south of the City limits. The ordinance was introduced pursuant to the involuntary annexation procedures set forth in Section 71.015.[1]

The Village of Agency is located adjacent to the City's proposed annexation territory. On March 22, 2005, landowners in the City's proposed annexation territory initiated efforts to voluntarily annex their land to the Village by submitting a petition pursuant to Section 71.012. On April 22, 2005, and June 28, 2005, the Village adopted two ordinances approving the voluntary annexation. Portions of the Village's annexed land overlapped with the City's proposed annexation territory.

On July 22, 2005, the City filed a circuit court petition seeking a declaratory judgment that it had prior jurisdiction over the proposed annexation territory. The City and the Village agreed to submit the matter on stipulated facts. The circuit court determined that the City acquired prior jurisdiction to annex the territory by introducing its ordinance for first council reading on December 6, 2004, before any action was taken by the landowners or the Village. Based on the City's prior jurisdiction, the court declared the Village's two annexation ordinances null and void. The Village appeals, contending the doctrine of prior jurisdiction does not apply to voluntary annexations.

## STANDARD OF REVIEW

Review of this court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We must affirm the judgment of the circuit court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law.

*Id.* Where, as here, the judgment is based on stipulated facts, the only issue for appellate review is whether the circuit court drew the proper legal conclusions from the facts stipulated. *Junior College Dist. of St. Louis v. City of St. Louis*, 149 S.W.3d 442, 446 (Mo. banc 2004). We review questions of law *de novo. Id.*

## ANALYSIS

Missouri statutes set forth the procedures for involuntary and voluntary annexations. Section 71.015 allows a city, town, or village to initiate involuntary annexation of a contiguous, unincorporated land area by proposing an ordinance. Following a public hearing and passage of the ordinance, the municipality must file a declaratory judgment action in circuit court, seeking authorization for the annexation. Section 71.015.1(5). An election also must be held in the municipality and the proposed territory, during which the involuntary annexation must be approved by a majority of the total votes cast. Section 71.015.1(6).

Voluntary annexations are authorized by Section 71.012. Landowners in unincorporated areas can initiate the procedure by submitting a verified petition for annexation to the governing body of a contiguously located city, town, or village. Section 71.012.2. Upon receipt of the petition, the municipality must hold a public hearing to determine if the annexation is reasonable and necessary for proper local development. *Id.* If so, the municipality can annex the territory by ordinance without further action.

▆▆▆ When two municipalities seek to annex the same territory, Missouri courts generally invoke the doctrine of prior ju-

---

1. All statutory citations are to the Missouri Revised Statutes 2000, unless otherwise indi-

cated.

risdiction to determine which one has authority to proceed. *City of St. Joseph v. Village of Country Club,* 163 S.W.3d 905, 907 (Mo. banc 2005). The doctrine provides that the municipality undertaking the first "valid step" toward annexation has priority over the territory, regardless of which municipality completes its proceedings first. *Id.* The proposal of an ordinance is the first valid step for an involuntary annexation under Section 71.015. *Id.* at 909. The submission of a verified petition by landowners constitutes the first valid step under the voluntary annexation procedures of Section 71.012. *State ex inf. Nesslage v. City of Lake St. Louis,* 718 S.W.2d 214, 219 (Mo.App.1986) (overruled on other grounds).

■ In this case, the Village does not dispute that the City took the first valid step toward annexation by introducing its ordinance to the City Council on December 6, 2004, at least three months before landowners in the subject territory submitted their petition to the Village. However, the Village asserts that voluntary annexations are exempt from the common law doctrine of prior jurisdiction based on the statutory language of Section 71.012 and the superior protections provided therein for affected landowners.

Section 71.012, in addressing voluntary annexations, states as follows:

> *Notwithstanding the provisions of sections 71.015 and 71.860 to 71.920,* the governing body of any city, town or village may annex unincorporated areas which are contiguous and compact to the existing corporate limits of the city, town or village pursuant to this section.

(Emphasis added.) The Village argues that the phrase, "[n]otwithstanding the

provisions of Section 71.015," expresses the legislature's preference for voluntary annexations. The Village asserts the statute allows voluntary annexations to preempt involuntary annexations.

"In construing a statute, our goal is to give effect to the intent of the legislature." *Leiser v. City of Wildwood,* 59 S.W.3d 597, 603 (Mo.App.2001). " 'It is a basic rule of statutory construction that words should be given their plain and ordinary meaning whenever possible.' " *Id.* (citation omitted). In determining the legislature's intent, the provisions of the entire act must be construed together and, if reasonably possible, harmonized. *State ex rel. Casey's Gen. Stores, Inc. v. City of West Plains,* 9 S.W.3d 712, 716 (Mo.App.1999).

Our court has previously recognized that the term "notwithstanding" is commonly used in statutes as a synonym for "in spite of." *Ozark Wholesale Beverage Co. v. Supervisor of Liquor Control,* 80 S.W.3d 491, 497 (Mo.App.2002); *Casey's Gen. Stores, Inc.,* 9 S.W.3d at 717; *Parkville Benefit Assessment Special Road Dist. v. Platte County,* 906 S.W.2d 766, 769 (Mo.App.1995); *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1545 (1993).[2] In that context, we interpret the introductory phrase of Section 71.012 to mean that the voluntary annexation procedures are available in spite of any other procedures set forth in 71.015. That does not necessarily mean that a voluntary annexation must take priority over an involuntary annexation when conflicting annexation proceedings occur. Rather, the language of Section 71.012 is intended to clarify that voluntary annexation is an alternative to other annex-

---

**2.** The primary dictionary definition for "notwithstanding" is "in spite of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1545. Alternative definitions include "however," "nev- ertheless," "yet," and "although," none of which aid in our understanding of Section 71.012. *Id.*

ation procedures provided by statute, and that the procedural requirements—such as elections and declaratory judgments—in those statutes do not have to be followed in a voluntary annexation under 71.012.

This statutory analysis is consistent with our prior holding in *State ex inf. Nesslage v. Village of Flint Hill,* 718 S.W.2d 210 (Mo.App.1986) (overruled on other grounds). *Nesslage* involved an appeal from a trial court's ruling that the City of Wentzville's involuntary annexation procedure had prior jurisdiction over territory that the Village of Flint Hill sought to voluntarily annex. Flint Hill argued that the doctrine of prior jurisdiction should not be applied to voluntary annexations. *Id.* at 213. The appeals court rejected that claim, finding no case law or statutory basis for exempting voluntary annexations from the common law doctrine. *Id.* at 213–14.

█ *Nesslage* also addresses the alternative argument the Village raises on appeal. The Village asserts the doctrine of prior jurisdiction cannot be applied unless the competing annexation procedures are deemed "equivalent." The Village contends that involuntary annexation procedures *generally* do not protect landowners in the proposed annexation territory and, therefore, are not equivalent to voluntary annexation procedures. Although we find no such equivalency requirement under Missouri's common law doctrine of prior jurisdiction, there is no doubt that our statutory scheme provides equal protections for landowners in voluntary and involuntary annexations. As the court recognized in *Nesslage:*

> [A] voluntary annexation does not materially differ from an involuntary annexation insofar as the doctrine of prior jurisdiction is concerned. Residents affected by an involuntary annexation pro-

ceeding have a voice in the process no different that the voice residents have in a voluntary annexation proceeding. In the involuntary annexation, the voice of the residents is heard through the election process required by § 71.015.

*Id.* Both Sections 71.012 and 71.015 guarantee due process to landowners who are affected by annexations. Accordingly, there is no merit to the Village's claim that voluntary annexations should be given priority because they provide superior protection to landowners.

The circuit court properly applied the doctrine of prior jurisdiction in determining that the City took the first valid step towards annexation of the subject territory. The Village had no authority to pursue voluntary annexation of the same territory while the City was proceeding under Section 71.015. Thus, the circuit court properly declared the Village's two annexation ordinances null and void. The judgment is affirmed.

The Village's Motion to Vacate Final Judgment is denied.

All concur.