In the Interest of G.F., S.F., C.F., C.F. & I.F.

No. ED 90104.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 13, 2009.

Katherine Goldwasser, Carol Jo Larkin, St. Louis, MO, for appellant.

Arthur Friedman, St. Louis, MO, for respondent.

Diane M. Monahan, St. Louis, MO, Guardian Ad Litem.

LAWRENCE E. MOONEY, Judge.

In this proceeding for an order of child protection, we must decide two novel issues relative to exemptions sought by a petitioner under Section 455.504.2 of the Child Protection Orders Act. We must determine whether the statute exempts a petitioner, first, from payment of the appellate court docket fee and, secondly, from payment of guardian ad litem fees. Because we hold that the appellate court docket fee is a "filing fee" and the guardian ad litem fees are "court costs," as those terms are used in the statute, we conclude that a petitioner is exempt from paying these expenses. Therefore, we accept jurisdiction of the appeal without payment of the appellate court docket fee and reverse the judgment of the trial court holding the petitioner in this case liable for payment of guardian ad litem fees.[1]

### Factual and Procedural Background

The petitioner filed a petition, pursuant to Sections 455.500 to 455.538, the Child Protection Orders Act, seeking a full order of child protection safeguarding her five minor children from their father. The trial court entered an *ex parte* order of child protection and appointed a guardian ad litem for the five children. The petitioner filed a motion to exempt herself from liability for guardian ad litem fees, asserting that Missouri law—specifically Section 455.504.2—exempts a petitioner from any such liability. After hearing, the trial court entered a full order of child protection. In its judgment, the trial court also held the petitioner and the father jointly and severally liable for $3,000 in guardian ad litem fees.

The petitioner then filed a motion in the trial court, seeking to file a notice of appeal without payment of filing fees or court costs. The petitioner argued she should be allowed to proceed without payment of such expenses because of the statutory exemption found in Section 455.504.2. The trial court granted the motion and the petitioner filed a notice of appeal. This Court directed the parties to file memoranda addressing the question of whether Section 455.504.2 exempted the petitioner from paying the appellate court docket fee. The petitioner and the guardian ad litem both filed memoranda, and this Court then ordered the jurisdictional issue of exemption from payment of the appellate court docket fee taken with the case.

### Standard of Review

We are presented with two issues for our determination—whether a petitioner is exempt from payment of the appellate court docket fee and whether a petitioner is exempt from payment of guardian ad litem fees. Resolution of these issues turns solely on an analysis of Section 455.504.2. Statutory interpretation is an issue of law. *Crockett v. Polen,*

---

1. We deny all pending motions.

225 S.W.3d 419, 420 (Mo. banc 2007). Our review, therefore, is *de novo. Id.* We review questions of law independently, and reach our own conclusions on the issue presented, without deference to the trial court's conclusions. *City of St. Joseph v. Village of Country Club,* 163 S.W.3d 905, 906 (Mo. banc 2005); *CADCO, Inc. v. Fleetwood Enterprises, Inc.,* 250 S.W.3d 376, 378 (Mo.App. E.D.2008).

## Statutory Interpretation Principles

■ The primary rule of statutory analysis is to ascertain the intent of the legislature, as expressed in the words of the statute, and to give effect to that intent whenever possible. *Finnegan v. Old Republic Title Co. of St. Louis, Inc.,* 246 S.W.3d 928, 930 (Mo. banc 2008); *Nelson v. Crane,* 187 S.W.3d 868, 869–70 (Mo. banc 2006). In order to discern the intent of the General Assembly, we look to statutory definitions or, if none are provided, the text's plain and ordinary meaning. *Gash v. Lafayette County,* 245 S.W.3d 229, 232 (Mo. banc 2008). When the intent of the legislature cannot be ascertained from the plain and ordinary meaning of the statutory language, the statute is considered ambiguous and only then can we apply the rules of statutory construction. *Preston v. State,* 33 S.W.3d 574, 579 (Mo. App. W.D.2000)(citing *Bosworth v. Sewell,* 918 S.W.2d 773, 777 (Mo. banc 1996)); *United Pharmacal Co. of Missouri, Inc. v. Missouri Bd. of Pharmacy,* 208 S.W.3d 907, 910 (Mo. banc 2006). " 'The construction of statutes is not to be hyper-technical, but instead is to be reasonable and logical and to give meaning to the statutes.' " *Gash,* 245 S.W.3d at 232 (quoting *Donaldson v. Crawford,* 230 S.W.3d 340, 342 (Mo. banc 2007)).

## Discussion

The relevant statute, Section 455.504.2 RSMo 2000, provides:

No filing fees, court costs, or bond shall be assessed to the petitioner in an action commenced under sections 455.500 to 455.538.

The petitioner filed her petition for an order of child protection pursuant to Sections 455.500 to 455.538.

### Appellate Court Docket Fee

■ We first consider whether a petitioner is exempt from paying the appellate court docket fee. This question turns on whether the fee is a "filing fee," as that term is used in Section 455.504.2. The term "filing fee" is not defined in the Child Protection Orders Act. "In the absence of statutory definitions, the plain and ordinary meaning of a term may be derived from a dictionary." *State ex rel. Burns v. Whittington,* 219 S.W.3d 224, 225 (Mo. banc 2007). A "filing fee" is defined in Black's Law Dictionary as "a sum of money required to be paid to the court clerk before a proceeding can start." Black's Law Dictionary 643 (7th ed.1999). In Missouri, an appellant is required to pay seventy dollars, denominated an "appellate court docket fee," to the trial-court clerk when filing a notice of appeal. Rule 81.04(d). Unless an appellant is "not required by law to pay the docket fee," or has qualified to appeal in forma pauperis, the trial-court clerk may not accept or file a notice of appeal without payment of the fee. Rule 81.04. Because the appellate court docket fee is a sum of money required to be paid to the trial-court clerk before appellate proceedings can begin, the appellate court docket fee is a "filing fee," as that term is used in Section 455.504.2. Therefore, a petitioner is exempt from its payment. Accordingly, we accept jurisdiction of the appeal without payment of the appellate court docket fee.

### Guardian Ad Litem Fees

■ We next consider whether guardian ad litem fees may be assessed against a

petitioner. This question turns on whether guardian ad litem fees are "court costs," as that term is used in Section 455.504.2. Because the general definition of "court costs" includes guardian ad litem fees and because the specific legislative history bespeaks a legislative intent to remove barriers to a petitioner seeking protective services, we conclude that guardian ad litem fees are "court costs," as that term is used in Section 455.504.2, and that a petitioner is therefore exempt from their payment.

■ The term "court costs" is not defined in the Child Protection Orders Act. Although undefined in this act, the legislature has elsewhere defined "court costs" in Chapter 488, the statutory chapter governing "Court Costs." We are required to interpret and apply statutory provisions with reference to each other, in order to determine legislative intent. *State ex rel. Evans v. Brown Builders Elec. Co., Inc.*, 254 S.W.3d 31, 35 (Mo. banc 2008). Section 488.010(1) defines "court costs" as "the total of fees, miscellaneous charges and surcharges, imposed in a particular case." Section 488.010(3) further defines "miscellaneous charges" as "the amounts allowed by law for services provided by individuals or entities other than the court." Clearly, guardian ad litem fees are amounts allowed by law for a service provided by an individual other than the court—specifically, the guardian ad litem. Thus, a guardian ad litem fee is a "miscellaneous charge," which also renders it a "court cost."

Legislative amendments to Section 455.504 in 2002 and 2003 also command our holding that guardian ad litem fees are "court costs" under Section 455.504.2, and therefore are not to be assessed to a petitioner in order-of-child-protection proceedings. Prior to 2002, Section 455.504 provided, in pertinent part:

2. No *advance* filing fees or bond shall be *required for filing a petition* in an action commenced under sections 455.500 to 455.538

3. The clerk shall advise the petitioner of his right to file a financial statement indicating the petitioner's income and liabilities. This information may be required by the court and shall be considered before the assessment of court costs.

4. Assessment of court costs or a determination of indigency shall be considered by the court at the time of a termination of the proceeding.

Section 455.504 RSMo 1995 (emphases added). The legislature amended this statutory section in 2002. After amendment, the statute read, in pertinent part:

2. No filing fees, *court costs*, or bond shall be *assessed in an action* commenced under sections 455.500 to 455.538.

3. The clerk shall immediately notify the guardian ad litem or court-appointed special advocate of appointment and shall provide such guardian or advocate with a copy of the petition for the order of protection for the child.

The clerk shall provide such guardian or advocate with the names, addresses, and telephone numbers of the parties within twenty-four hours of entry of the order appointing the guardian ad litem or court-appointed special advocate.

Section 455.504 RSMo (2002 Supp)(emphases added). The legislature further amended subsection 2, in 2003, to read:

2. No filing fees, court costs, or bond shall be assessed *to the petitioner* in

an action commenced under sections 455.500 to 455.538.

Section 455.504.2 (emphasis added).

We note three particular changes. First, the 2002 amendment expanded the exemption from "advance filing fees or bond" required for filing a petition to "filing fees, court costs, or bond" assessed in an action. Second, the 2002 amendment eliminated consideration of a petitioner's financial status in the assessment of court costs. Finally, the 2003 amendment singled out petitioners for favorable treatment. Although these amendments do not directly address guardian ad litem fees as such, they do bear witness to the legislature's intention to remove barriers to a petitioner seeking an order of child protection.

Finally, the 2002 amendments to Section 455.504 were introduced via H.B. No. 1814. The stated, overarching purpose of that bill was to "comply with federal statutes and avoid losing grant funding." H.B. No. 1814. Though not specifically stated, the bill was evidently introduced and passed to comply with the federal Violence Against Women Act of 2000. Simply stated, that act provides, in part, that in order for the State to receive federal funding, a victim of domestic violence may not be required to bear the costs associated with the issuance of an order of protection.[2] In response, the Missouri legislature amended Section 455.027, also via H.B. No. 1814. This section relates to costs in adult order-of-pro-

tection proceedings, and after amendment provides that "no filing fees, court costs, or bond shall be assessed to the petitioner" in an adult order-of-protection proceeding.[3] Section 455.027. This provision conforms to the federal requirement that the State protect an adult victim from any liability for costs "associated with" the processing of the order of protection. The Missouri legislature obviously intended to provide comprehensive protection to an adult victim of domestic violence. Critically, when the legislature amended Section 455.027, the provision relating to costs in an order-of-adult-protection proceedings, it added identical language to amend Section 455.504.2, the provision at issue in this case, which relates to costs in an order-of-child-protection proceedings. The amended statutory sections are identical. From these twin amendments, we must conclude that the Missouri legislature intended to provide coextensive comprehensive protection to petitioners in order-of-protection proceedings on behalf of both adults and children. We hold that guardian ad litem fees are "court costs," as that term is used in Section 455.504.2, and hence cannot be assessed against a petitioner in an order-of-child protection proceeding. The trial court erred in concluding otherwise.

### Conclusion

Protecting victims of domestic violence is a state interest of utmost importance. The United States Congress and the Mis-

---

**2.** The Violence Against Women Act of 2000 provides in pertinent part:

A State ... shall not be entitled to funds under this subchapter [Grants to Combat Violent Crimes Against Women] unless the State ... certifies that its laws, policies, and practices do not require ... in connection with the filing, issuance, registration, or service of a protection order, or a petition for a protection order, to protect a victim of domestic violence ... that the victim bear

the costs associated with ... the filing, issuance, registration, or service of a warrant, protection order, [or] petition for a protection order....

42 U.S.C. § 3796gg–5 (2000).

**3.** In full, Section 455.027 reads:

No filing fees, court costs, or bond shall be assessed to the petitioner in an action commenced pursuant to sections 455.010 to 455.085.

souri Legislature have recognized the potential chilling effect of imposing expense on petitioners. Exposing a petitioner to liability for such expenses could deter those seeking the court's protection. Due to the clear public interest of protecting child victims of domestic violence and the potential chilling effect of imposing expenses, the legislature has acted to remove the barrier of costs associated with seeking an order of protection, and has mandated that filing fees, court costs, and bonds shall not be assessed against a petitioner.

We reverse the trial court's judgment and remand the cause for proceedings consistent with this opinion.

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.