In the Missouri Court of Appeals
 Eastern District
 DIVISION TWO

KYLE HUMMEL, ) ED109096
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Pike County
v. ) 19PI-AC00104
 )
DIRECTOR OF REVENUE, ) Honorable Christopher B. Milan
 )
 Respondent. ) Filed: May 25, 2021

 Kyle Hummel (Appellant) appeals from the trial court’s judgment sustaining the Director

of Revenue’s (Director) revocation of Appellant’s driving privileges for one year. We affirm.

 BACKGROUND

 On April 20, 2019, at 8:39 p.m., Sergeant Scott Miller (Sergeant Miller) of the Missouri

State Highway Patrol stopped Appellant for driving 75 miles per hour in a 60-mile-per-hour

zone. When Sergeant Miller approached the vehicle he observed Appellant’s eyes were watery

and glassy, and he smelled faintly of alcohol. Appellant admitted to drinking two or three beers.

 Sergeant Miller administered a series of field sobriety tests to determine whether

Appellant was fit to drive. First was the horizontal gaze nystagmus test, where Sergeant Miller
observed all six possible clues. 1 Next, he administered the one leg stand test and observed three

clues. Sergeant Miller conducted two other non-standardized field sobriety tests and then

arrested Appellant for driving while intoxicated.

 Sergeant Miller took Appellant into custody, placed him in the patrol car, and advised

him of the Missouri implied consent law. 2 He then asked Appellant to submit to a chemical test

of his breath. Appellant requested to speak with an attorney. Sergeant Miller permitted

Appellant to make a few calls, including one to an attorney; however, he remained inside the

vehicle during the conversation. Neither Appellant nor counsel requested privacy. Sergeant

Miller could hear Appellant, but could not discern anything said by the attorney. A device inside

the patrol car recorded audio and video of the call. Pursuant to standard operating procedure,

these recordings were forwarded to the prosecuting attorney, but there is no evidence in the

record that they were used against Appellant. After Appellant consulted with the attorney, he

refused to submit to the chemical test.

 The Director notified Appellant his driving privileges were revoked for one year pursuant

to Section 577.041. 3 On May 2, 2019, Appellant filed a Petition for Review of the Director’s

decision. After an evidentiary hearing, the trial court entered its judgment sustaining the

Director’s revocation of Appellant’s driving privileges.

 This appeal follows.

1
 A score of four clues or more indicates a suspect is intoxicated. Gannon v. Dir. of Revenue, 411 S.W.3d 394, 397
n.5 (Mo. App. E.D. 2013) (citing Arch v. Dir. of Revenue, 186 S.W.3d 477, 481 n.4 (Mo. App. E.D. 2006)).
2
 Pursuant to Section 577.020.1 RSMo (2016), any person who operates a vehicle in the state “shall be deemed to
have given consent . . . to a chemical test or tests of the person’s breath, blood, saliva, or urine for the purpose of
determining the alcohol or drug content of the person’s blood . . .”
3
 All statutory references are to RSMo (2016) as updated, unless otherwise indicated.

 2
 DISCUSSION

 In his sole point on appeal, Appellant argues the trial court erred in sustaining the

Director’s revocation of his driving privileges by finding that he voluntarily and unequivocally

refused to provide a sample of his breath to determine his blood alcohol content. He claims his

refusal was not voluntary and unequivocal because he was deprived of his statutory right to

counsel when he was not afforded a private consultation with his attorney.

 Standard of Review

 In an appeal from a court-tried civil case, the trial court’s judgment will be affirmed

unless there is no substantial evidence to support it, it is against the weight of the evidence, or it

erroneously declares or applies the law. White v. Dir. of Revenue, 321 S.W.3d 298, 307-08 (Mo.

banc 2010) (citing Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976)). Appellate court

review is directed by whether the contested issue is a question of fact or law. Id. Questions of

law are reviewed de novo. Id. (citing City of St. Joseph v. Vill. of Country Club, 163 S.W.3d

905, 907 (Mo. banc 2005)); see also Roesing v. Dir. of Revenue, 573 S.W.3d 634, 637 (Mo. banc

2019). This case presents a question of law which we review de novo.

 Analysis

 When a driver has been arrested for driving while intoxicated, the timely completion of a

valid chemical test to determine the driver’s blood alcohol content is imperative. Rogers v. Dir.

of Revenue, 184 S.W.3d 137, 144 (Mo. App. W.D. 2006). The state’s interest is to avoid

unnecessary delay before the chemical test is administered because alcohol is water soluble and

the human body endeavors to remove it from the blood. Wall v. Holman, 902 S.W.2d 329, 331

(Mo. App. W.D. 1995). Accordingly, rather than require that every individual be taken back to a

police station for chemical breath tests, officers are authorized to conduct chemical breath tests

 3
directly from their patrol cars. See 19 C.S.R. 25-30.050(2); see also Baker v. Dir. of Revenue,

569 S.W.3d 63, 67 (Mo. App. W.D. 2019).

 A driver has the option to refuse to submit to chemical testing, but upon doing so, his or

her driving privileges are subject to an administrative revocation by the Director pursuant to

Section 577.041. McKay v. Dir. of Revenue, 382 S.W.3d 119, 121 (Mo. App. W.D. 2012).

“Giving the driver the option to refuse to consent with the consequence of an automatic one[-

]year revocation of his or her driver’s license balances the right to privacy against the public’s

interest in controlling the menace of drunken driving.” Id. (quoting Kimbrell v. Dir. of Revenue,

192 S.W.3d 712, 716 (Mo. App. W.D. 2006)). To uphold the director’s revocation of driving

privileges, the director must show the driver’s refusal to submit to chemical testing was

“voluntary and unequivocal.” Roesing, 573 S.W.3d at 637.

 Appellant relies on Roesing for the proposition that his refusal to submit to chemical

testing was not voluntary and unequivocal because his conversation with counsel was not

private. In Roesing, a driver was arrested for driving while intoxicated and taken to the police

station for a chemical test. Id. at 636. At the station, the driver was able to contact an attorney

within the 20-minute time frame required by Section 577.041.3. Id. The driver handed the

phone to the officer and the attorney requested to speak to the driver in private. Id. at 636.

However, rather than comply with the requested privacy, which was readily available pursuant to

the mandate of Section 600.048.3, 4 and requires that individuals held in custody at police

stations be provided a “room or place” to privately speak with an attorney, the officer returned

4
 Section 600.048.3 provides:
 It shall be the duty of every person in charge of a jail, police station, constable's or sheriff's office,
 or detention facility to make a room or place available therein where any person held in custody
 under a charge or suspicion of a crime will be able to talk privately with his or her lawyer, lawyer's
 representative, or any authorized person responding to a request for an interview concerning his or
 her right to counsel.

 4
the phone to the driver, and continued to observe him for the remainder of his consultation with

counsel. Id. The driver’s conversation with his attorney was audio and video recorded, and

forwarded to the prosecuting attorney. Id. After the 20 minutes had passed, the driver refused to

submit to a chemical test. Id.

 The director revoked the driver’s driving privileges for one year, which was sustained by

the trial court. Id. The Missouri Supreme Court reversed, holding that the driver was entitled to

a private conversation with his attorney. Id. at 639-40. The Court specifically held that Section

577.041.3’s right to speak privately with an attorney did not interfere with the state’s important

goal of obtaining a timely, accurate, and valid chemical test. Id. at 638.

 Appellant’s reliance on Roesing is misplaced. Roesing dealt with a driver speaking with

an attorney in a police station, not a patrol car. At a police station, an officer is subject to the

“private room” requirement of Section 600.048.3, which the officer in Roesing acknowledged.

Id. at 636 (“The officer replied that it might be possible to arrange for the conversation to occur

in another room . . .”). In a patrol car, however, there is no “private room” requirement since a

patrol car is not a “jail, police station, constable’s or sheriff’s office, or detention facility . . .”

Moreover, there is nothing in the record here indicating whether it was even feasible for Sergeant

Miller to provide Appellant with privacy in the patrol car in the event he requested it. However,

an explicit request for privacy was made in Roesing but the driver was not given access to the

private room mandated by Section 600.048.3. Here, neither Appellant nor his attorney requested

privacy from Sergeant Miller. Accordingly, there is nothing in the record from which this Court

could determine whether Section 577.041.3’s right to privacy interferes with the state’s interest

in obtaining timely, accurate, and valid chemical tests. If Appellant had requested privacy, we

 5
could possibly reach a different conclusion. However, we will not speculate on what Sergeant

Miller could or would have done in that circumstance.

 In conclusion, the facts in this situation do not merit an expansion of Roesing to drivers

being held in patrol cars who do not request privacy when speaking with an attorney.

Accordingly, the trial court did not err in sustaining the Director’s revocation of Appellant’s

driving privileges for one year. Appellant’s point is denied.

 CONCLUSION

 The trial court’s judgment is affirmed.

 ____________________________________
 Lisa P. Page, Judge

Robin Ransom, P.J. and
Sherri B. Sullivan, J., concur.

 6