Mark GRUBBS, Respondent,

v.

**TREASURER OF MISSOURI AS CUSTODIAN OF the SECOND INJURY FUND, Appellant.**

**No. ED 92457.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 1, 2009.

---

Chris Koster, Attorney General, Sarah E. Reichert, Asst. Attorney General, St. Louis, MO, for Appellant.

Steven K. Brown, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

The Second Injury Fund ("the Fund") appeals from the decision of the Labor and Industrial Relations Commission ("the Commission") in favor of Mark Grubbs ("Employee") on his claim for workers'

compensation benefits. The Fund argues the Commission erred in failing to find Employee's claim was barred by the statute of limitations in Section 287.430, RSMo 2000,[1] and in failing to find that Employee released the Fund from liability regarding his July 30, 2003 accident. We affirm.

On July 30, 2003, Employee was injured in the course of his employment when he slipped on oil on the floor of the property of his employer, Paulo Products ("Employer"), and lost his footing, twisted his knee, and felt a pop. Employer admitted liability and paid Employee $10,498.16 in medical expenses and $4,233.60 in temporary disability.

On November 15, 2004, Employee entered into a Stipulation for Compromise Settlement according to which Employee would receive from Employer a lump sum of $13,881.60 based upon approximate disability of twenty-five percent of his right knee.

Then on September 29, 2005, Employee filed a claim for compensation checking the box stating it was against the Fund only. The Fund filed an answer in which it argued that the claim was time-barred based on Section 287.430 because Employee did not file a claim against the Fund within two years after his injury or within one year after filing a claim against Employer.

The administrative law judge ("the ALJ") made findings of fact and ruling of law, and found Employee's claim was time-barred under Section 287.430 because Employee did not file a "Form WC–21 Claim for Compensation" against his Employer in the allotted time. Thus, the ALJ denied Employee's claim.

Employee subsequently filed an application for review with the Commission. The Commission determined Section 287.430 does not require the filing of "Form WC–21 Claim for Compensation" against Employer as a prerequisite for a claim against the Fund. The Commission noted the portion of the statute reading "no proceeding for compensation under this chapter shall be maintained unless a claim therefore [is] filed," has remained unchanged since the law was originally enacted in 1926, and the Commission found it highly improbable that those passing this law then were concerned with a particular form. Further, the Commission noted that if the term "claim" only refers to the "Form WC–21 Claim for Compensation," accepted meanings of other provisions of law are called into question. For example, the Commission cited Section 287.390, which presently provides "[p]arties to claims hereunder may enter into voluntary agreements in settlement thereof."[2] Thus, Section 287.390 provides the ALJ can only approve settlements entered into between "parties to claims." The Commission found if "claim" only referred to the "Form WC–21 Claim for Compensation," then an ALJ could only approve a settlement entered into between parties to a dispute for which a Form WC–21 had been filed, which would not have included this case at the point when the ALJ approved the settlement. The Commission then relied on *O'Malley v. Mack International Truck Corp.*, 225 Mo.App. 1, 31 S.W.2d 554, 558 (1930) to support its finding that a settlement was in effect the filing of a claim for

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

2. The Commission cited a previous version of this statute, which provided "[n]othing in this chapter shall be construed as preventing the parties to claims hereunder may enter into voluntary agreements in settlement thereof." The point the Commission was making has not been altered by the amendment of the statute.

compensation. The Commission reversed the award and decision of the ALJ. The Commission found the Fund was liable to Employee for $17,894.77 in permanent partial disability benefits. This appeal follows.

In its first point, the Fund argues the Commission erred in awarding Employee permanent partial disability benefits from the Fund because Employee did not timely file a "claim for compensation" against the Fund "within two years after the date of injury or within one year after a claim was filed against an employer" in that Employee never filed a "claim for compensation" against Employer and the Stipulation for Compromise Settlement ("Settlement") executed by Employee and Employer did not constitute a "claim for compensation" for the purposes of Section 287.430. We disagree.

 Our review in this case is governed by the provisions of Section 288.210. *Clement v. Kelly Services, Inc.*, 277 S.W.3d 327, 329 (Mo.App. E.D.2009). Section 288.210 provides, in pertinent part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award; or
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Thus, under Section 288.210, the factual findings of the Commission are conclusive if, absent fraud, they are supported by competent and substantial evidence, and review of the Commission's decision by this court is confined to questions of law. *Clement,* 277 S.W.3d at 329. We are not bound by the Commission's conclusions of law or its application of law to facts, and questions of law are reviewed independently. *Id.*

Section 287.430 provides, in pertinent part "a claim against [the Fund] shall be filed within two years after the date of injury or within one year after a claim is filed against an employer or insurer pursuant to this chapter, whichever is later." Here, the claim against the Fund was filed over two years after the date on which the injury occurred so the statute of limitations would bar the claim on this basis. However, it was filed less than one year after the Stipulation for Compromise Settlement was entered into with Employer. Thus, the question before us is whether the Stipulation for Compromise Settlement constitutes a claim against Employer for the purposes of Section 287.430.

The Fund argues the Commission's decision is inconsistent with present statutory and regulatory authority and case law. Section 287.630 provides, in relevant part, that the Division of Workers' Compensation ("the Division") and the Commission "shall prepare and furnish free of charge blank forms of all notices, claims, reports, proofs, and other blank forms and literature which they may deem proper and requisite to the efficient administration of this chapter." Pursuant to this authority, the Division created Form 21, entitled "Claim for Compensation." C.S.R. 8 Section 50–5.070 sets forth the forms an employee, an employer, and an insurer are required to file with the Division, and "Form 21, Claim for Compensation" is in-

cluded among these forms. The Fund claims that by not addressing Section 287.630 and CSR 8 Section 50–5.070 in its award, the Commission ignored the Division's authority to create standard forms and to direct agency procedure. The Fund maintains that these sections make clear that Form 21 constitutes the only way to make a "claim for compensation" even if that exact term is not specifically defined in Chapter 287.

 The primary rule of statutory analysis is to ascertain the intent of the legislature, as expressed in the words of the statute, and to give effect to that intent whenever possible. *In re G.F.*, 276 S.W.3d 327, 329 (Mo.App. E.D.2009). In order to discern the intent of the General Assembly, we look to statutory definitions or, if none are provided, the text's plain and ordinary meaning. *Id.* When the intent of the legislature cannot be ascertained from the plain and ordinary meaning of the statutory language, the statute is considered ambiguous and only then can we apply the rules of statutory construction. *Id.* The construction of statutes is not to be hyper-technical, but instead is to be reasonable and logical and to give meaning to the statutes. *Id.*

The phrase "claim for compensation" is not defined in Workers' Compensation Law. Black's Law Dictionary defines a "claim" as a "[t]he aggregate of operative facts giving rise to a right enforceable by a court." Black's Law Dictionary 240 (7th ed.1999). A "claim" even in the barest of layman's language, includes not only a lawsuit but also a claim settled out of court. *Williams By and Through Wilford v. Barnes Hosp.*, 736 S.W.2d 33, 38 (Mo. banc 1987). Moreover, in *O'Malley*, the court equated a settlement agreement with a claim for compensation to support its finding that a settlement was in effect the

same as a claim for compensation. *O'Malley*, 31 S.W.2d at 558.

 Thus, according to the plain and ordinary meaning of the words in Section 287.430, the Stipulation for Compromise Settlement in this case constitutes a claim for compensation.

Further, Section 287.390 provides "[n]othing in this chapter shall be construed as preventing the parties to claims hereunder from entering into voluntary agreements in settlement thereof." Section 287.390 provides the ALJ can only approve settlements entered into between "parties to claims." If "claim" only referred to the "Form WC–21 Claim for Compensation," then an ALJ could only approve a settlement entered into between parties to a dispute for which a Form WC–21 had been filed, which would not have included this case at the point when the ALJ approved the settlement. Because settlements are encouraged under the law, we decline to find that a party must make a formal filing of a Form WC–21 before a settlement may be approved by an ALJ. *See Hancock v. Shook*, 100 S.W.3d 786, 799 (Mo. banc 2003).

Therefore, we find Employee's November 15, 2004 Stipulation for Compromise Settlement with Employer constitutes a claim, and Employee's September 29, 2005 claim for compensation against the Fund was filed within one year of the November 15, 2004 Stipulation for Compromise Settlement with Employer. Thus, Employee's claim against the Fund is not barred by the statute of limitations in Section 287.430.

Therefore, the Commission did not err in awarding Employee permanent partial disability benefits from the Fund because Employee timely filed a claim for compensation against the Fund. Point denied.

In its second point, the Fund argues the Commission erred in awarding Employee permanent partial disability benefits from the Fund because Employee executed a Stipulation for Compromise Settlement that released the Fund from any liability regarding his July 30, 2003 accident in that the Stipulation did not include any figure in the space provided for payment by the Fund, and it said that Employee understood he was "forever closing out his claim under Missouri Workers' Compensation Law" and that the Fund was "released from all liability" for his July 30, 2003 accident. We disagree.

The Fund argues the plain and ordinary language of the Stipulation for Compromise Settlement precludes any claim for further benefits on account of Employee's July 30, 2003 accident. Line 8 states: "[t]hat [the Fund] is making a payment of $N/A."

Further, language above Employee's signature states:

> THE EMPLOYEE UNDERSTANDS: by entering into this settlement, except as provided by Section 287.140.8 RSMo., the EMPLOYEE is forever closing out this claim under the Missouri Workers' Compensation Law; that EMPLOYEE will receive no further compensation or medical aid by reason of this accident/disease; that EMPLOYEE has the right to a hearing of EMPLOYEE'S claim, which may result in EMPLOYEE receiving more money or less money than is provided by this settlement; that *EMPLOYER/INSURER and/or [THE FUND] is/are released from all liability for this accident/disease upon approval of [the ALJ]* ....

Employee argues that the Fund's argument is premised on the fact that it was a party to the settlement. However, Employee asserts there is nothing in the rec-

ord indicating the Fund was a party to the Settlement.

First, we note that because the Fund is not a party to the settlement agreement, it has no contractual right to enforce the agreement. *See In the Matter of the Estate of Scott,* 913 S.W.2d 104, 105 (Mo.App. E.D.1995). Moreover, the Fund is also not a third-party beneficiary because to be a third party beneficiary, the terms of the contract must clearly express an intent to benefit the third party. *See Id.* Here, there is no such expressed intent. Thus, because the Fund is also not a third-party beneficiary, it may not sue on the contract. *See Id.*

Further, 8 CSR 50–2.010(7)(B) provides "[a] claim against an employer/insurer and [the Fund] are against two (2) separate parties and the assertion of a claim against one is not an assertion of a claim against the other." Moreover, there are no statutes or case law requiring the Fund to be included in settlement agreements between employers and employees. *Strange v. SCI Business Products,* 17 S.W.3d 171, 174 (Mo.App. E.D.2000). An employee's claims against the employer and against the Fund are separate proceedings. *Id.*

Therefore, we find the Commission did not err in awarding Employee permanent partial disability benefits from the Fund because the Fund had not been released from any liability regarding Employee's July 30, 2003 accident. Point denied.

The judgment of the Commission is affirmed.

SHERRI B. SULLIVAN, P.J. and PATRICIA L. COHEN, J., concur.