

# In the
# Missouri Court of Appeals
## Western District

TREASURER OF THE STATE OF
MISSOURI-CUSTODIAN OF THE 2ND
INJURY FUND,

          **Appellant,**

v.

ABBY COUCH, DECEASED; BILLY
COUCH,

          **Respondent.**

WD78312

OPINION FILED:

OCTOBER 27, 2015

---

**Appeal from Labor and Industrial Relations**

**Before Special Division: James E. Welsh, P.J., Anthony Rex Gabbert, J., Robert Clayton, Sp. J.**

The Treasurer of the State of Missouri as custodian of the Second Injury Fund ("SIF" or "the Fund") appeals the decision of the Labor and Industrial Relation Commission ("Commission") in favor of Abby Couch on her claim for workers' compensation benefits. SIF asserts two points on appeal. First, SIF contends that the Commission erred by finding Couch to have timely filed her claims against the Fund and in awarding her benefits from the Fund because it improperly interpreted Section 287.430.[1] SIF argues that Section 287.430 requires a claim against the Fund to be filed "within two years after the date of the injury or within one year after a claim is filed against an employer or insurer pursuant to this chapter, whichever is later,"

---

[1] All references to the Workers' Compensation Law cite to Chapter 287, RSMo Cum. Supp. 2014 unless otherwise indicated.

and this language does not provide that a claim against the Fund may be filed within one year from entering into a stipulation of settlement with an employer, as the Commission found. Second, SIF contends that the Commission erred by finding that the filing of Couch's settlement stipulations with her employer constituted "a claim" as used in Section 287.430 because such a construction is not applicable here, in that Couch filed actual claims for compensation against Employer. Because the Commission relied upon inapposite law in reaching their decision, we reverse.

## Factual Background

On February 22, 2010, Couch fell and injured her right hand in the course and scope of her employment as a correctional officer for the Missouri Department of Corrections ("Employer"). Couch received medical treatment for this injury and was eventually released for work with ongoing symptoms. On March 24, 2010, she filed an original claim for compensation with the Division of Workers' Compensation ("Division") against both Employer and SIF. On March 28, 2013, Couch settled her claim for this injury against Employer but dismissed the claim against SIF.

On June 22, 2011, Couch suffered a second work-related injury when she was struck in the face by a steel door. She underwent medical treatment, but continued to have symptoms following her release and return to work. For this injury, Couch filed an original claim for compensation with the Division against both Employer and SIF on July 12, 2011 and an amended claim on August 15, 2012. Couch also settled her claim for the second injury against Employer on March 28, 2013, but dismissed the claim against SIF.

In December 2013, Couch filed a new claim for both injuries against SIF only. SIF filed an answer in which it argued that the new claim was time-barred by Section 287.430 because it

2

was not filed within two years after either injury or within one year after filing "a claim" against her employer. SIF argued that the filing of a stipulation of settlement with an employer may not constitute "a claim" within the meaning of Section 287.430. SIF further argued that the original claims Couch filed (in 2010 and 2011 respectively) should be considered the relevant "claims" for the purposes of determining timely filing under Section 287.430.

The administrative law judge ("ALJ") issued an award in Couch's favor, finding that her claim against SIF was not time-barred under Section 287.430 because the filing of her settlement with Employer was "a claim" within the meaning of that Section. Thus, the filing of Couch's new claim against SIF was timely because it was made within one year after filing "a claim" against her employer.

SIF then filed an application for review with the Commission. The Commission affirmed the ALJ's decision and found that Couch's settlement was "a claim" against her employer. Thus, because Couch filed the claim against SIF within one year of filing "a claim" against her employer, the Commission determined that her claim against SIF was not time-barred. Accordingly, the Commission ordered SIF to pay Couch permanent partial disability benefits. This appeal follows.

**Standard of Review**

On appeal from the Commission's award in a workers' compensation case, we may modify, reverse, remand for rehearing, or set aside the Commission's award only upon any of the following reasons and no other:

(1) That the Commission acted in excess of its powers;
(2) That the award was procured by fraud;
(3) That the facts found by the Commission do not support the award; or
(4) That there was not sufficient competent evidence in the record to warrant making the award.

3

§ 287.495.1. In the absence of fraud, the Commission's findings of fact are conclusive and binding. *Id.* However, the Court reviews issues of law *de novo*. *Treas. of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 460 (Mo. banc 2013).

**Analysis**

In its second point on appeal, SIF contends that the Commission erred in finding that the filing of Couch's settlement stipulations with her employer constituted "a claim" as used in Section 287.430 because such a construction is not applicable here, in that Couch filed actual claims for compensation against Employer.[2]

Specifically, SIF argues that the Commission erred in relying upon the holdings of *Grubbs v. Treasurer of Missouri as Custodian of the Second Injury Fund,* 298 S.W.3d 907 (Mo. App. E.D. 2009), *Treasurer of the State of Missouri-Custodian of the Second Injury Fund v. Cook*, 323 S.W.3d 105 (Mo. App. W.D. 2010), and *Elrod v. Treasurer of Missouri as Custodian of the Second Injury Fund*, 138 S.W.3d 714 (Mo. banc 2004) to conclude that Couch's settlement was "a claim" against her employer within the meaning of 287.430, thereby making her subsequent claim against SIF timely. These three cases can be factually distinguished from the present case and the Commission incorrectly relied upon their holdings to reach its decision. Accordingly, we find that Couch's claim against SIF was not timely filed and SIF's second point on appeal is granted. We reverse the Commission's award.

I.      **Distinguishing *Grubbs & Cook***

---

[2] If SIF's second argument is correct, we need not engage in a discussion of whether the filing of a settlement may constitute the filing of "a claim" within the meaning of Section 287.430, nor must we interpret the meaning of that Section's current statutory language—issues which are the focus of SIF's first point on appeal. Because SIF's second point is dispositive in this case, our analysis addresses this point first.

In affirming the ALJ's decision on Couch's claim against SIF, the Commission primarily relied upon the holdings of *Treasurer of the State of Missouri-Custodian of the Second Injury Fund v. Cook*, 323 S.W.3d 105 (Mo. App. W.D. 2010) and a predecessor case, *Grubbs v. Treasurer of Missouri as Custodian of the Second Injury Fund,* 298 S.W.3d 907 (Mo. App. E.D. 2009). Both *Grubbs* and *Cook* held that where an injured plaintiff reaches a settlement with his or her employer but never files an official compensation claim form with the Division, the filing of the settlement constitutes the filing of "a claim" against the employer within the meaning of Section 287.430. *Grubbs*, 298 S.W.3d at 911; *Cook*, 323 S.W.3d at 109-10.

In *Grubbs*, SIF argued that the word "claim" in Section 287.430 referred only to a claim filed on the Division's "Form WC-21 Claim for Compensation." 298 S.W.3d at 910-11. Because the plaintiff, Grubbs, had never filed such a claim, his subsequent claim against SIF would therefore be untimely. *Id.* However, the court rejected this argument after considering the plain and ordinary meaning of the words used in that Section as they were defined in a dictionary. *Id.* at 911. The court noted that the dictionary definition of "claim" did not restrict the word to mean "only filed lawsuits" or "only Form WC-21 Claims," but was instead broad enough to mean the "facts giving rise to a potential lawsuit." *Id.* The court therefore concluded that "a claim" includes not only filed lawsuits and Form WC-21 Claims, but also claims that are settled out of court. *Id.*

In reaching this conclusion, the *Grubbs* court focused on the fact that Grubbs had never filed a lawsuit or formal claim for compensation against the Division, but had instead resolved his claim informally through a settlement agreement with his employer. *Id.* Because the language of Section 287.390 provides that ALJs can only approve settlements between "parties to claims," the court reasoned that, if a "claim" referred only to a Form WC–21 Claim, then ALJs

5

could approve only those settlements entered into between parties to a dispute for which a Form WC–21 had been filed. *Id.* Additionally, because the prior language of Section 287.390 expressed a strong preference for encouraging settlements, the court "decline[d] to find that a party must make a formal filing of a Form WC–21 before a settlement may be approved by an ALJ."[3] *Id.* Thus, the *Grubbs* court held that a claim against SIF is timely if it is filed within one year of filing a stipulation for compromise settlement with the employer, so long as the injured plaintiff never filed an official compensation claim form with the Division. *Id.*

In *Cook*, SIF also argued that the word "claim" in Section 287.430 referred only to a claim filed on the Division's "Form WC-21 Claim for Compensation." 323 S.W.3d at 108. The *Cook* court relied extensively upon *Grubbs* and similarly held that "a settlement" may be "a claim" within the meaning of Section 287.430. *Id.* at 109-10. As with the plaintiff in *Grubbs*, Cook had not filed a lawsuit or formal claim for compensation against the Division, but had instead resolved his claim informally through a settlement agreement with his employer. *Id.* at 108. Relying upon the rationale used in *Grubbs*, the *Cook* court noted that its conclusion was consistent with the prior language of 287.390 that expressed a strong preference for settlements. *Id.* at 109. As in *Grubbs*, the *Cook* court expressed a desire to avoid curtailing the statutory encouragement of settlements, and subsequently held that a claim against SIF is timely if it is

---

[3] Prior to the 2005 amendments made to the Workers' Compensation Law, Section 287.390 stated:

> **Nothing in this chapter shall be construed as preventing the Parties to claims hereunder from entering into voluntary agreements in settlement thereof**, . . . nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission[.] (emphasis added)

Following the 2005 amendments, Section 287.390.1 now states:

> **Parties to claims hereunder may enter into voluntary agreements in settlement thereof**, . . . nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission[.] (emphasis added)

filed within one year of filing a settlement with the employer, so long as the injured plaintiff never filed an official compensation claim form with the Division. *Id.* at 109-10.

Both *Grubbs* and *Cook* are factually distinguishable from the present case. First, neither Grubbs nor Cook had filed formal compensation claims with the Division before reaching a settlement with their respective employers. *Grubbs*, 298 S.W.3d at 910-11; *Cook*, 323 S.W.3d at 108-10. If their settlements had not been considered "claims," the only other relevant triggering events would have been the dates of their respective injuries, which had long since passed. This would have precluded both plaintiffs from filing *any* claim against SIF, thereby frustrating the purpose of the Fund "to encourage the employment of individuals who are already disabled from a preexisting [employment-related] injury . . . ." *Pierson v. Treasurer of State*, 126 S.W.3d 386, 389-90 (Mo. banc 2004). Here, however, Couch did file formal compensation claims from which timely filing against SIF may be calculated: she filed a claim for her first injury on March 23, 2010 and a claim for her second injury on July 12, 2011 (later amended on August 15, 2012). Therefore, because there are readily discernable dates from which to measure Couch's filing deadlines, and because using either of those dates would not have precluded Couch from filing *any* claim against SIF, the rationales of *Grubbs* and *Cook* do not apply.

**II.    Distinguishing *Elrod***

In affirming the ALJ's decision on Couch's claim against SIF, the Commission also relied upon *Elrod v. Treasurer of Missouri as Custodian of the Second Injury Fund*, 138 S.W.3d 714 (Mo. banc 2004). In *Elrod*, the court held that "a claim" includes "any timely claim" and does not necessarily mean "the claim" or "original claim." *Id.* at 716-17.

Though *Elrod* dealt with slightly different circumstances, it is similarly distinguishable from the present case. In *Elrod*, SIF argued that the word "claim" in Section 287.430 referred

7

only to the *original* claim against an employer—an interpretation that would bar *amended* claims not filed within two years after the date of injury or within one year after filing a claim against an employer. 138 S.W.3d at 717. The plaintiff in *Elrod* timely filed an initial claim with the Division within one year of her injury. *Id.* at 715. Several years later, she filed an amended claim with the Division and SIF that supplemented the original facts with details of her treatment and listed additional body parts that had been injured. *Id.* The *Elrod* court concluded that the meaning of "a claim" included "an amended claim" where the plaintiff did not amend or supplement her original claim solely to extend the statute of limitation in Section 287.430. *Id.* at 717.

In reaching this conclusion, the *Elrod* court noted that SIF's proposed interpretation of Section 287.430 would violate the purpose of the Workers' Compensation Law, which was "to compensate for employment-related injuries and encourage employment of the partially handicapped." *Id.* The court also noted that they were obliged to construe the Workers' Compensation Law liberally "with a view to the public welfare" as mandated by a previous version of Section 287.800.[4] *Id.* at 716.

*Elrod* is distinguishable from the present case in that Couch's second "claim" is a settlement agreement rather than an amended version of her original claim with the Division. Unlike the plaintiff in *Elrod*, Couch's settlement agreement did not amend or supplement her

---

[4] The pre-2005 amendment version of Section 287.800 called for Chapter 287 to be "**liberally** construed with a view to the public welfare." Prior to the 2005 amendments, Section 287.800 read:

> All of the provisions of this chapter shall be **liberally** construed with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to rules, regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto.

§ 287.800, RSMo 2000 (emphasis added).

8

initial claim in any way. Therefore, because the holding of *Elrod* did not deal with claimants who later file a settlement agreement, Couch's situation is inapposite to that case and its holding does not apply here.

**Conclusion**

Because *Grubbs*, *Cook*, and *Elrod* are factually distinguishable from the present case, the Commission erred in relying on those holdings to find that Couch's settlement agreement was "a claim" against her employer for the purpose of timely filing against SIF under Section 287.430. In this case, where multiple claims were filed and subsequently dismissed, a settlement agreement may not be a second "claim" that perpetually extends the statute of limitations expressed in 287.430.

We conclude that the Commission erred in finding Couch's claims against SIF to be timely under Section 287.430. The Commission erroneously relied upon the holdings of *Grubbs*, *Cook*, and *Elrod* in deciding that Couch's settlement constituted "a claim" within the meaning of 287.430 because the facts of those cases render them inapposite to the present case. Accordingly, because Couch did not file a claim against SIF within two years after the date of her injury or within one year after filing "a claim" against her employer or insurer, her claim against SIF was time-barred. The Commission's award is reversed.

_____

Anthony Rex Gabbert, Judge

All concur.

9