

# Missouri Court of Appeals

### Southern District

### Division Two

JANET K. SCOTT, )
)
      Appellant, )
)
vs. ) Nos. SD36596 & SD36597
) Consolidated
TREASURER OF THE STATE OF )
MISSOURI – CUSTODIAN OF THE )
2nd INJURY FUND, )
) **Filed: October 1, 2020**
      Respondent. )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

Janet K. Scott ("Scott") filed two claims against the Second Injury Fund (the "Fund") for work-related injuries she sustained in 2009 and 2010. The Commission found both claims against the Fund were barred by the statute of limitations under section 287.430.[1]

Scott raises six points on appeal. In points 1 and 2, she argues her claims against the Fund were timely because her amended claims were filed within one year of settling her cases against her employer, and the amended claims made substantive changes to her original claims prior to settlement. In point 3, Scott argues other court filings made in her case designated the Fund as a party and consequently made her amended claims timely filed. In point 4, Scott argues recent court cases represented a procedural change in the law and should not be applied to her case. In point 5, Scott argues the application of recent caselaw to her case violates various

---

[1] All statutory citations are to RSMo. (2000) as amended through the date of Scott's injuries in 2010. ***Farmer v. Treasurer of Mo. as Custodian of the Second Injury Fund***, 567 S.W.3d 228, 230 n.1 (Mo. App. S.D. 2018).

constitutional provisions.  Finally, in point 6, Scott raises arguments based on estoppel and on the Administrative Procedures Act.[2]  Finding no merit to any of Scott's points, we affirm.

## Factual and Procedural History

While working at SRG Global ("Employer"), Scott injured her left shoulder after a fall in July 2009.  Her next injury occurred in March 2010 when she injured her left ankle.  Scott filed two separate claims for compensation against Employer on March 24, 2010.

Over six years later, on April 18, 2016, Scott filed amended claims for each injury now naming both Employer and the Fund.  Each of her amended claims named the same body parts listed in her original claims.  She now sought either permanent partial or permanent total disability benefits.  The amended claims also listed pre-existing injuries and diseases in the part of the form describing Scott's Fund claim.  In her amended claim for the 2010 ankle injury, Scott also marked out the statement "Employee needs medical treatment[]" which had been written on her original form.

The Fund's answer to each claim was filed on April 26, 2016 and asserted a statute of limitations defense under section 287.430.  Scott settled both of her claims against Employer on April 27, 2016, approximately a week after filing the amended claims.

A hearing was held before the Administrative Law Judge ("ALJ") as to both of Scott's claims.  On June 18, 2019 the ALJ entered awards finding Scott's claims against the Fund were not timely filed under section 287.430.  The Commission entered a Final Award Denying Compensation in each case on February 21, 2020 affirming the ALJ's decisions and incorporating those decisions by reference.  This appeal follows.[3]

## Standard of Review

We review the Commission's Final Award to determine if it is "supported by competent and substantial evidence upon the whole record."  Mo. Const. art. V, § 18.  On appeal, this Court:

---

[2] §§ 536.010 *et seq.*
[3] The two appeals were consolidated by order of this Court.

may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

(3) That the facts found by the commission do not support the award; [or]

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

§ 287.495.1; ***Annayeva v. SAB of TSD of City of St. Louis***, 597 S.W.3d 196, 198 (Mo. banc 2020). We review the findings of the Commission and not those of the ALJ. ***ConAgra Foods, Inc. v. Phillips***, 527 S.W.3d 74, 77 (Mo. App. W.D. 2017). However, when the Commission's award attaches and incorporates the ALJ's award, as here, "we consider the findings and conclusions of the Commission as including the ALJ's award." ***Id.*** (internal citation and quotation omitted). We review questions of statutory interpretation *de novo*, ***Dickemann v. Costco Wholesale Corp.***, 550 S.W.3d 65, 67 (Mo. banc 2018), and we are "not bound by the Commission's conclusions of law or its application of the law to the facts." ***Patterson v. Central Freight Lines***, 452 S.W.3d 759, 764 (Mo. App. E.D. 2015).

**Analysis**

Our analysis of a statute of limitations defense involving a claim made against the Fund starts with section 287.430, which provides, in relevant part:

> ***A claim against the second injury fund shall be filed within two years after the date of the injury or within one year after a claim is filed against an employer or insurer pursuant to this chapter, whichever is later.*** In all other respects the limitations shall be governed by the law of civil actions . . . The statute of limitations contained in this section is one of extinction and not of repose.

§ 287.430 (emphasis added); ***Guinn v. Treasurer of State***, 577 S.W.3d 847, 851 (Mo. App. S.D. 2019). This statute provides two alternative deadlines for when a claim against the Fund can be filed: the first is "within two years after the date of injury" and the second is "within one year after a claim is filed against an employer or insurer. . . ***whichever is later***." § 287.430 (emphasis added). Here, Scott's claims for compensation listed injury dates of approximately

3

July 15, 2009 and March 16, 2010. Scott's claims against the Fund were filed in 2016, so she did not meet the first possible deadline under section 287.430 by filing her claims against the Fund within two years after the dates of her injuries. We must therefore determine whether Scott filed her claims against the Fund within one year after she filed "a claim" against her employer or insurer. *See id.*

The parameters of what is considered "a claim" filed against an employer or insurer pursuant to section 287.430 have been explored in several cases. First, "a claim" is not limited to an employee's original claim and can include an employee's amended claim. *See Elrod v. Treasurer of Mo. as Custodian of Second Injury Fund*, 138 S.W.3d 714, 716-17 (Mo. banc 2004). A stipulation for compromise settlement can also be considered "a claim" under section 287.430 in cases where an employee has not previously filed a claim for compensation against his employer. *See, e.g., Treasurer of State–Custodian of the Second Injury Fund v. Cook*, 323 S.W.3d 105, 110 (Mo. App. W.D. 2010); *Grubbs v. Treasurer of Mo. as Custodian of Second Injury Fund*, 298 S.W.3d 907, 911 (Mo. App. E.D. 2009).

However, in *Treasurer of the State of Mo.–Custodian of the 2nd Injury Fund v. Couch*, the court distinguished the holdings of *Grubbs*, *Cook*, and *Elrod*, where an employee had filed claims in March 2010 and July 2011 against both her employer and the Fund for two different injuries, but then settled both cases with her employer and dismissed her cases against the Fund. *Couch*, 478 S.W.3d 417, 418-19 (Mo. App. W.D. 2015). The employee then filed a new claim against the Fund for both injuries in December 2013. *Id.* at 419. The court held that the employee's claim against the Fund was not timely filed under section 287.430 because the claim had been filed more than two years after her date of injury and more than one year after her claims were filed against the employer. *Id.* at 422. "[W]here multiple claims were filed and subsequently dismissed, a settlement agreement may not be a second 'claim' that perpetually extends the statute of limitations expressed in 287.430." *Id.*

4

Finally, in ***Naeter v. Treasurer of Mo.***, the court affirmed the Commission's decision finding an employee's claim against the Fund was time-barred where the employee had filed two amended claims and later entered into a settlement agreement. 576 S.W.3d 233, 235-36, 240 (Mo. App. E.D. 2019). The employee's original claim for bilateral hearing loss was filed in 2006, and then she filed a first amended claim on December 3, 2010 adding Tinnitus and Meniere's disease to her hearing loss claim. ***Id.*** at 235-36. A little over one year later, on December 16, 2011, she filed a second amended claim adding the Fund as a party. ***Id.*** at 236. In October 2012, she settled her case against her employer. ***Id.***

In rejecting the employee's arguments that her claim against the Fund was timely when calculated from the time of her second amended claim, the court noted an employee's amendment to a claim "must address the same occurrence or term of employment and in some way ***add to the original claim by adding some cause, effect, or injury*** relating back to the original claim." ***Id.*** at 238 (emphasis added). The employee's second amended claim was not a valid claim under section 287.430 because it "did not supplement or amend the claim" against the employer, nor did it "add information related to [e]mployer or the injuries claimed on the original claim beyond those changes already made through the first amended claim." ***Id.*** The employee also argued her settlement agreement should be viewed as a claim for purposes of calculating the statute of limitations. ***Id.*** at 239. The court found a settlement agreement only constitutes "a claim" for purposes of the statute of limitations for claims against the Fund "when no claim was filed **prior** to a settlement stipulation under § 287.390."[4] ***Id.*** (emphasis added).

In the present case, the Commission determined Scott's claims against the Fund were time-barred under section 287.430 after applying the principles established in ***Couch*** and ***Naeter***. In each of Employee's six points, she presents arguments for why the Commission erred in finding Scott's claims against the Fund were not timely filed.

---

[4] Section 287.390 provides procedures for compromise settlement of claims in workers' compensation cases.

*Point 1 – Attempts to Distinguish **Couch** and **Naeter***

In point 1, Scott argues the Commission erred as a matter of law in finding her claims against the Fund were not timely filed because Scott's claims were filed "within one year of the settlement of the case[,]" and "there were not multiple claims filed against the [Fund] and then dismissed as in **Couch**[.]"

Scott filed two separate claims against Employer on March 24, 2010, one for each of her injuries. As in **Couch**, Scott's claims filed against Employer provided a discernable date from which the filing deadlines for her claims against the Fund could be calculated, and the use of which did not preclude Scott from filing any claim against the Fund. *See **Couch***, 478 S.W.3d at 421. The reasoning in **Couch** applies to Scott's claims: they were time-barred under section 287.430 because they were not filed within one year after she filed her claims against Employer. *See **id.*** at 422.

Scott's attempt to limit the holding in **Couch** to apply to cases where claims against the Fund were initially filed and then later dismissed is not persuasive in light of **Naeter**, where the court more broadly described **Couch** as addressing "the difference between a settlement stipulation with a prior claim filed and a settlement stipulation without a prior claim filed." **Naeter**, 576 S.W.3d at 239. While Scott asks this Court to rely on **Cook** and **Grubbs**, both cases are distinguishable from the present case since in **Cook** and **Grubbs** the employee did not file a claim prior to settling his claims against his employer, which the court in **Naeter** found to be critical to their holdings. **Naeter**, 576 S.W.3d at 239. Statutes of limitations are "legislative enactments to limit the authority of courts to hear time-barred claims" which apply "even in cases of hardship." **Id.** at 240. Point 1 is denied.[5]

_____

[5] Scott's other arguments are equally unavailing. First, Scott argues this Court should "take judicial notice" of the Fund's previous "practice and custom" to permit a settlement agreement to be considered "a claim" in cases where an original claim had been filed and where one had not. However, Scott fails to cite any case where a court held the Fund's previous practices and customs against it. Scott also argues that employees whose claim against the Fund "may not be ripe" at the time they file their original claim will be "out of luck" and unable to file a later claim if their original claim against the employer has not changed. However, an employee has a full year after filing a claim against his or her employer to file a claim against

6

*Point 2 – Amended Claims*

In point 2, Scott argues the Commission erred in finding her claims against the Fund were not timely filed because she "had filed sufficient amended claims making substantive changes before settling the case" with Employer.

In ***Elrod***, the court found an amended claim was sufficient to constitute "a claim" under section 287.430 where the amended claim was "a ***bona fide claim***, which reported more 'parts of body injured[]'" and the original claim in that case was not amended or supplemented "solely to extend the statute of limitations in section 287.430." 138 S.W.3d at 717 (emphasis added). In ***Naeter***, the employee's second amended claim was not a valid claim under section 287.430 because it did not "supplement or amend the claim against the [e]mployer" and "did not add information related to [e]mployer or the injuries claimed on the original claim beyond those changes already made" through the employee's first amended claim. 576 S.W.3d at 238.

A comparison of Scott's original claims to her amended claims shows that, as to Employer, Scott's amended claims were substantially the same as her original claims except for minor changes (including that, for the 2010 injury, the statement "Employee needs medical treatment[]" was crossed off in the amended claim).[6] Unlike ***Elrod***, Scott's amended claims as to both her 2009 and 2010 injuries did not add any additional body parts injured. Neither of Scott's amended claims "in some way add[ed] to the original claim by adding some cause, effect, or injury relating back to the original claim." ***Naeter***, 576 S.W.3d at 238. Therefore, Scott's amended claims are more analogous to the second amended claim the court in ***Naeter*** found insufficient to constitute "a claim" under section 287.430 rather than the "bona fide" claim the court found sufficient in ***Elrod***. As for Scott's deletion of the phrase "Employee needs medical treatment" from her amended claim for her 2010 injury, Scott argues that by not including a

_____

the Fund, *see* § 287.430, and this gives the employee time to evaluate the possible ramifications of his or her work-related injury in light of the pre-existing conditions and diseases affecting the employee.
[6] In both of the amended claims, the date-stamp had been struck through, the box marked "original claim" was no longer checked, a portion of Scott's social security number had been removed, and the date of Scott's signature was struck through and changed.

request for medical treatment, this was a "substantial change[] as to the parties."  However, just as in **Naeter**, Scott conflates a change in claims with a change in anticipated evidence to be presented at a hearing.  *See id.* at 238-39.  Point 2 is denied.

*Point 3 – Other Requests for Relief as Claims*

In point 3, Scott argues the Commission erred in finding her claims were not timely filed because other filings in the case which sought relief, such as "prehearing requests, mediation requests and hearing requests" counted as claims since they listed the Fund as a party to the proceedings, and therefore Scott's amended claims were timely filed.

The following additional facts are relevant to this point.  In between the time Scott filed her original claims against Employer on March 24, 2010, and when she filed her amended claims on April 18, 2016 naming the Fund as a party, various requests were filed in both cases where a box was checked listing the Fund as a party to the case.  Some of these requests were filed by Scott and some were filed by Employer.[7]  Scott argues these filings "asserting rights under the act" constitute claims rendering her claims against the Fund as timely.

Scott's argument fails because Scott ignores section 287.220, which provides in pertinent part:  "In all cases in which a recovery against the [Fund] is sought . . . the state treasurer as custodian thereof **shall be named as a party**, and shall be entitled to defend against the claim." (emphasis added).  Scott also ignores the Division regulation stating:

> A claim against the [Fund] must be asserted affirmatively by the claimant and **cannot be made by any other party to the claim, on motion or otherwise**.  Naming the state treasurer as a party is not, in itself, sufficient to make a claim against the [F]und.  Injuries which are claimed to create [F]und liability must be specifically set forth in the Claim for Compensation.
>
> (A) The filing of a claim initiates a contested case.

---

[7] For example, Scott filed requests for pre-hearing on December 20, 2011 for both of her claims with the boxes checked for "Second Injury Fund Involved" although no Fund attorney was named.  Scott filed mediation requests on July 24, 2015 in both cases with the Fund box checked, but the Fund attorney box was filled in "N/A[.]"  Scott points to numerous mediation requests filed by Employer's attorney checking the box indicating the Fund was involved in the case, however these requests listed the Fund's attorney as "unknown[.]"  Scott admitted to the ALJ that the mediation requests were not sent to the Fund, with one exception stating, "one notice for mediation was sent to the [Fund] prior to the claim being filed because, quite frankly, **we thought the claim had been filed**" (emphasis added).

8

(B) A claim against an employer/insurer and the [Fund] are against two (2) separate parties **and the assertion of a claim against one is not an assertion of a claim against the other**.

8 CSR 50-2.010(7) (February 28, 1999) (emphasis added). "[A]n employer and the [Fund] are considered two separate parties when an employee makes a claim for workers' compensation." *Naeter*, 576 S.W.3d at 238. Prior to Scott naming the Fund as a party to the proceedings, as required under section 287.220 and 8 CSR 50-2.010, any filings erroneously listing the Fund as a party had no legal effect. *See **Johnson v. River Oaks Nursing Home***, 872 S.W.2d 664, 665 (Mo. App. S.D. 1994) (noting the Commission lacked jurisdiction to apportion liability to the Fund when no recovery was sought against the Fund and the state treasurer was not named as a party to the case). Point 3 is denied.

*Point 4 – Change in Law*

In point 4, Scott argues the Commission erred in finding her claims were time-barred in that the decisions of *Couch* and *Naeter* should not apply to her case because those cases represented a change in the law from *Grubbs*, *Cook*, and *Elrod* which permitted a claim against the Fund to be filed within a year of settlement of the primary claim. Scott contends the application of this "procedural" change in the law resulted in an "undue hardship and injustice" on her and violated the purpose of the workers' compensation act.

Scott's argument is premised on the flawed assertion that *Couch* and *Naeter* constitute a change in the law made by judicial interpretation. To bolster this argument, Scott necessarily interprets *Cook* and *Grubbs* as standing for a broader proposition than the facts of those cases permit. Under the facts in both cases, the employees entered into settlement agreements with their employers **prior** to filing claims with the Division. *See Cook*, 323 S.W.3d at 107; *Grubbs*, 298 S.W.3d at 909. This made these cases "distinguishable from cases in which a claim was filed prior to the settlement stipulation." ***Naeter,*** 576 S.W.3d at 239. The decisions in *Couch* and *Naeter* do not represent a change in the interpretation of section 287.430, but

9

rather the application of section 287.430 to different factual circumstances than were presented in ***Grubbs*** and ***Cook.***[8] Point 4 is denied.

*Point 5 – Constitutional challenges*

In point 5, Scott challenges the Commission's awards as erroneous because the Commission's application of ***Couch*** and ***Naeter*** after Scott's original claims were filed "violates the right to counsel, equal protection of the law and due process of law under the Missouri and United States Constitutions" in that these cases benefit *pro se* claimants who do not generally file claims for compensation and may file against the Fund within a year after settling their cases, while penalizing claimants with attorneys who generally file claims against employers prior to settling cases.[9]

We need not engage in any legal analysis of this point because its factual premise—unrepresented claimants generally do not file a claim before settling their case but attorneys for represented claimants generally file a claim before a settlement in the case—has no evidentiary support in the record on appeal. Scott fails to cite any record support for these factual assertions in her brief. *See* Rule 84.04(e) Missouri Court Rules (2020) ("All factual assertions in the argument shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."). Our gratuitous review of the record finds none. Indirectly acknowledging this deficiency and attempting to partially address it, Scott invites this Court to "take judicial notice that normally, a lawyer will file a [claim]." Scott fails, however, to cite any relevant legal authority allowing us to do so and fails to demonstrate in any manner how this fact falls within the type of facts for which we may take judicial notice. *Compare* ***Savannah Place, Ltd. v. Heidelberg***, 164 S.W.3d 64, 65 n.1 (Mo. App. S.D. 2005) (appellate court may take judicial notice of its own records), *with* ***Board of Educ. of City of St. Louis v. Daly***,

---

[8] Furthermore, the "limitation in § 287.430 is substantive and jurisdictional rather than procedural and waivable." ***Marston v. Juvenile Justice Center of the 13th Judicial Circuit*** 88 S.W.3d 534, 538 (Mo. App. W.D. 2002). The Commission "cannot consider claims filed after the period expires." ***Id.***
[9] Although Scott's point refers to a due process violation, she does not repeat this assertion in her argument so it has been abandoned. *See* ***Blakey v. AAA Prof'l Pest Control, Inc.***, 219 S.W.3d 792, 794 (Mo. App. E.D. 2007).

129 S.W.3d 405, 408 (Mo. App. E.D. 2004) (appellate court cannot take judicial notice of ordinances not contained in the record on appeal). In the absence of a valid factual premise within the context of the record on appeal, Scott's fifth point necessarily must fail and, therefore, is denied.

*Point 6 – Estoppel*

In point 6, Scott asserts the Fund is estopped from seeking to bar her claim because the Fund "as a matter of practice" did not routinely contest claims filed against it if those claims were filed within one year of a case settling against the employer.[10] Scott also asserts changes in the Fund's procedures required "notice under the administrative procedure act[.]"

Scott's estoppel argument is premised on the Fund being a "government agency[.]" However, the Fund is not an "agency" of the State of Missouri but is a fund created by statute to compensate certain injured workers who are "disabled by a combination of past disabilities and a primary work injury." ***Pursley v. Christian Hosp. Northeast/Northwest***, 355 S.W.3d 508, 513 (Mo. App. E.D. 2011); *see* § 287.220.1 (establishing Second Injury Fund as a "special fund" in the state treasury). Because the Fund is not an agency, the Administrative Procedures Act, located at sections 536.010 *et seq.*, and its rulemaking procedures, do not apply to the Fund. *See* § 536.010(2) (defining "Agency" as "any administrative officer or body . . . authorized by law or the constitution to make rules or to adjudicate contested cases, except those in the legislative or judicial branches"). Point 6 is denied.

---

[10] Scott's point 6 reads as follows:

> Regarding both the 2009 and 2010 cases, the Commission <u>erred in</u> adopting the award of the ALJ finding that the claim was time barred <u>because</u> based upon the undisputed facts reviewed under RSMo. 287.495 as a matter of law when it adopted the ALJ's award and did not address the issue of the second injury fund being estopped from asserting a statute of limitation defense, and by not addressing the issues of changes in procedures requiring notice under the administrative procedure act <u>in that</u> in the context of the case the SIF as a matter of practice did not contest the filing of claims against the SIF within one year of the case settling against the primary employer whether by pro se or represented claimants until well after the original Form 21s were filed as such they are estopped from claiming the time bar in this case as such the Commission's award should be reversed.

## Conclusion

The Commission's Final Award Denying Compensation in each case is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

GARY W. LYNCH, J. – CONCURS