

# Missouri Court of Appeals

## Southern District

### Division Two

RICK HUNSAKER,                                )
                                             )
    Claimant-Appellant,          )
                                             )
v.                                           )    No. SD36450
                                             )    Filed:  October 6, 2020
TREASURER OF THE STATE OF                     )
MISSOURI – CUSTODIAN OF THE                   )
SECOND INJURY FUND,                           )
                                             )
    Respondent.                   )

### APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

### **AFFIRMED**

Rick Hunsaker (Employee) appeals from the decision of the Labor and Industrial Relations Commission (Commission) in favor of the Treasurer of the State of Missouri as custodian of the Second Injury Fund (SIF).  The Commission decided that Employee's claim against the SIF was barred by the statute of limitations in § 287.430 because the claim was not timely filed.[1]

Employee presents four points for decision.  In Points 1-3, Employee contends the Commission erred by deciding the SIF claim was time-barred because:  (1) a settlement between Employee and his employer was a "claim" for purposes of applying the provisions

---

[1] All statutory references are to RSMo (2000).

of § 287.430 to the SIF; (2) Employee's "claim" against the SIF, filed within one year after the settlement with his employer, was timely filed; and (3) the Commission's application of § 287.430 "violates due process and results in unequal treatment[.]" In Point 4, Employee assumes the claim against the SIF was timely filed and argues that the Commission's decision to deny SIF relief "is against the weight of the competent and substantial evidence." We affirm because Points 1-3 lack merit and Point 4 is moot.

## Procedural and Factual Background

On June 28, 2011, Employee filed a formal WC-21 Claim for Compensation (Claim) against Woody's Trucking (Employer).[2] The Claim alleged the date of accident as January 24, 2011. The Claim stated that Employee was "[l]oading cages of chickens and chain boomer slipped off, striking [Employee] in face[.]" The parts of the body injured were listed as "[m]outh, teeth, lips, face, head, neck and body as a whole[.]" The SIF was not included as a party to the Claim.

On December 28, 2015, Employee settled his claim against Employer. Employee did so via "Stipulation for Compromise Settlement" (Settlement), pursuant to § 287.390.

On December 14, 2016, Employee filed an amended claim (Amended Claim). There were only two amendments to the Claim: (1) Employee's mailing address was changed; and (2) Employee added a claim against the SIF.

The SIF's answer to the Amended Claim asserted that the claim against the SIF was barred by § 287.430. The administrative law judge (ALJ) agreed and denied the Amended Claim. In a unanimous decision, the Commission affirmed the decision of the ALJ. This

---

[2] *See* Form 21, "Claim for Compensation," in 8 C.S.R. § 50-5.070.

appeal followed. Additional facts will be included below as we discuss Employee's four points on appeal.

**Standard of Review**

An appellate court "strictly construes the provisions of workers' compensation statutes." *Cosby v. Treasurer of State*, 579 S.W.3d 202, 206 (Mo. banc 2019); § 287.800.1. The dispositive issue in this appeal is whether Employee's Amended Claim against the SIF was time-barred by § 287.430. This question is an issue of law, which we review *de novo*. *Treasurer of State-Custodian of Second Injury Fund v. Witte*, 414 S.W.3d 455, 460 (Mo. banc 2013). In construing the meaning of § 287.430, "this Court is not authorized to add words to, subtract words from, or ignore the plain meaning of words chosen by the legislature." *Guinn v. Treasurer of State*, 577 S.W.3d 847, 851 (Mo. App. 2019).

**Discussion and Decision**

*Points 1 and 2*

We address Employee's first two points together because the arguments are related. Both points involve the interpretation of § 287.430, which is the statute of limitations for a workers' compensation claim. With respect to a SIF claim, § 287.430 states that: "[a] claim against the second injury fund shall be filed within two years after the date of the injury or within one year after a *claim* is filed against an employer or insurer pursuant to this chapter, whichever is later." *Id*. (italics added).

In Point 1, Employee contends the December 28, 2015 Settlement constitutes a "claim" under § 287.430. In Point 2, Employee contends his Amended Claim against the SIF on December 14, 2016 was timely filed because it occurred within one year of the Settlement. Both points lack merit for the same reason. Employee's contentions are based

3

upon the faulty premise that the Settlement constituted a "claim" within the meaning of § 287.430, even though Employee had filed an earlier formal claim for compensation.

Employee's argument that the Settlement constituted a claim is based on *Grubbs v. Treasurer of Missouri as Custodian of Second Injury Fund*, 298 S.W.3d 907 (Mo. App. 2009), but that case is factually distinguishable. In *Grubbs*, the employee did not file a formal "Form WC-21 Claim for Compensation." *Id*. at 909. Instead, he entered into a compromise settlement with his employer pursuant to § 287.390. The Commission decided that: (1) the compromise settlement was, in effect, the filing of a claim within the meaning of § 287.430, which could be resolved by a compromise settlement pursuant to § 287.390; and (2) the employee's SIF claim, which was filed within one year of the compromise settlement, was timely. *Id*. at 909-10. The eastern district of this Court affirmed. It held that, "according to the plain and ordinary meaning of the words in Section 287.430, the Stipulation for Compromise Settlement in this case constitutes a claim for compensation." *Id*. at 911.

The western district reached the same conclusion on similar facts in *Treasurer of the State of Missouri-Custodian of the Second Injury Fund v. Cook*, 323 S.W.3d 105 (Mo. App. 2010). In *Cook*, the employee did not file a formal WC-21 Claim for Compensation. He reached a compromise settlement with the employer, which was approved pursuant to § 287.390. Two weeks later, he filed his SIF claim. *Id*. at 107. Relying on *Grubbs*, the Commission decided the SIF claim was timely. The western district of this Court affirmed. It agreed with the eastern district's interpretation of § 287.430 and held that the employee's "stipulation for compromise settlement constituted a claim filed against [the] employer within the plain and ordinary meaning of section

4

287.430." *Id*. at 110. Like *Grubbs*, *Cook* is factually distinguishable because the employee there did not file a formal claim for compensation.

*Grubbs* and *Cook* do not govern the case at bar because Employee did file a formal WC-21 Claim for Compensation against Employer. In *Treasurer of the State of Missouri-Custodian of the 2nd Injury Fund v. Couch*, 478 S.W.3d 417 (Mo. App. 2015), the employee suffered a hand injury on February 22, 2010. In March 2010, she filed a workers' compensation claim against her employer and the SIF. On June 22, 2011, the employee suffered an injury to her face. On July 12, 2011, she filed a workers' compensation claim against her employer and the SIF. She filed an amended claim on August 15, 2012. *Id*. at 418. On March 28, 2013, employee settled the hand injury claim and the facial injury claim against the employer. Her SIF claims were dismissed. *Id*. at 418-19.

In December 2013, the employee filed a new claim for both injuries against the SIF only. The SIF's answer asserted that the claim was time-barred by § 287.430 because it was not filed within two years of the employee's injuries or within one year after she filed a claim against her employer. The Commission decided that employee's March 2013 settlements constituted a claim against the employer within the meaning of § 287.430. *Id*. at 419.

The western district of this Court concluded that *Grubbs* and *Cook* did not govern the outcome of the case:

> Both *Grubbs* and *Cook* are factually distinguishable from the present case. First, neither Grubbs nor Cook had filed formal compensation claims with the Division before reaching a settlement with their respective employers. *Grubbs*, 298 S.W.3d at 910-11; *Cook*, 323 S.W.3d at 108-10. If their settlements had not been considered "claims," the only other relevant triggering events would have been the dates of their respective injuries, which had long since passed. This would have precluded both plaintiffs from filing *any* claim against SIF, thereby frustrating the purpose of the Fund "to encourage the employment of individuals who are already disabled

5

from a preexisting [employment-related] injury...." *Pierson v. Treasurer of State*, 126 S.W.3d 386, 389-90 (Mo. banc 2004). Here, however, Couch did file formal compensation claims from which timely filing against SIF may be calculated: she filed a claim for her first injury on March 23, 2010 and a claim for her second injury on July 12, 2011 (later amended on August 15, 2012). Therefore, because there are readily discernable dates from which to measure Couch's filing deadlines, and because using either of those dates would not have precluded Couch from filing *any* claim against SIF, the rationales of *Grubbs* and *Cook* do not apply.

*Id*. at 421 (italics in original). Therefore, the Commission's decision was reversed because the employee's SIF claim was time-barred by § 287.430. *Id*. at 422.

The eastern district of this Court reached the same conclusion in *Naeter v. Treasurer of Missouri as Custodian of Second Injury Fund*, 576 S.W.3d 233, 239 (Mo. App. 2019). There, the employee filed a formal claim for bilateral hearing loss against her employer on October 17, 2006. She filed a first amended claim against the employer on December 3, 2010, which added Tinnitus and Meniere's disease as parts of the employee's body that were injured. On December 16, 2011, the employee filed a second amended claim adding the SIF as a party. On October 12, 2012, the employee resolved the claim against the employer by compromise settlement pursuant to § 287.390. *Id*. at 235-36. The SIF asserted that the claim against it was time-barred by § 287.430. The Commission agreed because: (1) the second amended claim did not supplement or amend the first amended claim against the employer; and (2) the second amended claim against the SIF was filed more than two years after the date of injury and more than one year after the first amended claim against the employer. *Id*. at 236.

The eastern district of this Court affirmed the Commission's decision. *Id*. at 240. First, the eastern district held that the second amended claim against the employer was not valid because it did not supplement or amend that claim. *Id*. at 238. Therefore, the SIF claim was untimely because it was not filed within one year after the first amended claim

6

against the employer was filed. *Id*. at 239. The eastern district also held that the § 287.390 compromise settlement between the employee and employer could not be treated as a claim for the purpose of calculating the applicable SIF statute of limitations:

> A settlement stipulation is "a claim" with regard to calculating the SIF statute of limitations when no claim was filed prior to a settlement stipulation under § 287.390. *Cook*, 323 S.W.3d at 110; *Grubbs*, 298 S.W.3d at 911. Here, a claim was filed prior to the settlement stipulation. Therefore, the Commission did not err [in] failing to calculate the SIF statute of limitations based upon the date of the settlement stipulation between the Employer and the Employee.

*Id*. at 239. Both ***Grubbs*** and ***Cook*** were factually distinguishable for that reason.

We agree with the analysis in ***Couch*** and ***Naeter*** on this issue. Because Employee here filed a formal claim, his later § 287.390 compromise settlement cannot be treated as a "claim" for the purpose of calculating the applicable SIF statute of limitations date in § 287.430. *See **Naeter***, 576 S.W.3d at 239; ***Couch***, 478 S.W.3d at 422.

When strictly construing workers' compensation statutes, we may not "add or subtract words from a statute or ignore the plain meaning of the words that are there." ***Dickemann v. Costco Wholesale Corp.***, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018); ***Cosby***, 579 S.W.3d at 207 n.4; *see **Guinn***, 577 S.W.3d at 851. A SIF claim must be filed "within two years after the date of the injury or within one year after a claim is filed against an employer or insurer pursuant to this chapter, whichever is later." § 287.430. Employee's Amended Claim against the SIF was filed on December 14, 2016. That was more than two years after his date of injury on January 24, 2011. Because the Amended Claim did not supplement or amend the Claim against the Employer, the Amended Claim could not be used to calculate the statute of limitations date pursuant to § 287.430. *See **Naeter***, 576 S.W.3d at 238-39. Therefore, the Amended Claim against the SIF was filed more than one year after Employee filed his Claim against Employer on June 28, 2011.

7

Points 1 and 2 are denied because the Commission did not misapply the law in determining that the Amended Claim against the SIF was time-barred pursuant to § 287.430.

*Point 3*

Employee's third point contends the Commission's application of § 287.430, as interpreted in **Cook** and **Naeter**, to bar Employee's SIF claim violates his constitutional rights to due process and equal protection of the law. The following facts are relevant to this point.

In the Commission's Final Award, it noted that Employee had raised a constitutional challenge to § 287.430 because that statute, as interpreted in **Couch** and **Naeter**, violated his right to due process and resulted in unequal treatment. The Commission did not decide the issue because:

> Administrative agencies such as the Division of Workers' Compensation and this Commission are not invested with authority to resolve any constitutional challenges raised in the proceedings before them. See *Tadrus v. Missouri Bd. of Pharmacy*, 849 S.W.2d 222, 225 (Mo. App. 1993). For this reason, we will decline to address same, other than to note that such issues/arguments were raised before the Commission. Specifically, employee argues that the holdings in *Treasure of Mo.-Custodian of the 2nd Injury Fund v. Couch*, 478 S.W.3d 417, 422 (Mo. App. 2015) and *Naeter v. Treasurer of Mo. As Custodian of Second Injury Fund*, [576 S.W.3d 233, 239 (Mo. App. 2019)] violate employee's due process rights and results in unequal treatment.

According to Employee, the Commission's application of § 287.430 to bar his SIF claim "violates due process and results in unequal treatment" because "it treats employees who have filed WC-21 claim forms harsher than employees who haven't filed WC-21 claim forms, by subjecting the filers to a shorter statute of limitations period." In support of this argument, Employee cites only the Fourteenth Amendment to the U.S. Constitution. He cites no other authority supporting a violation of his constitutional rights to due process

or equal protection. Other than this general argument, Employee fails to present any additional facts to support either alleged constitutional violation.

Before we address Employee's point, we must first determine whether such review is proper. Although the constitutional challenge to § 287.430 was raised before the Commission, it correctly refrained from addressing that issue. As our Supreme Court explained in *Trenton Farms RE, LLC v. Hickory Neighbors United, Inc.*, 603 S.W.3d 286 (Mo. banc 2020):

> The department of natural resources first claims Hickory Neighbors failed to preserve its challenge to HB 1713's constitutional validity for review by this Court because it did not raise the claim before seeking judicial review by the court of appeals. "Since an administrative hearing commission is not empowered to determine the constitutionality of statutes, a party is not required to raise those issues at that level." *Tadrus v. Mo. Bd. of Pharm.*, 849 S.W.2d 222, 225 (Mo. App. W.D. 1993); *see also City of Joplin v. Indus. Comm'n of Mo.*, 329 S.W.2d 687, 689 (Mo. banc 1959). Accordingly, Hickory Neighbors adequately preserved the issue by raising it before the court of appeals.

*Id*. at 291. Therefore, Employee can raise his constitutional challenges for the first time on appeal.

Pursuant to art. V, § 3 of the Missouri Constitution, our Supreme Court has exclusive jurisdiction in cases involving the validity of a statute. *See Higgins v. Treasurer of State of Missouri*, 140 S.W.3d 94, 98 (Mo. App. 2004). The Supreme Court's exclusive appellate jurisdiction "is invoked when a party asserts that a state statute directly violates the constitution either facially or as applied." *McNeal v. McNeal-Sydnor*, 472 S.W.3d 194, 195 (Mo. banc 2015). A party's mere assertion that a statute is unconstitutional, however, does not deprive this Court of jurisdiction. *Dubinsky v. St. Louis Blues Hockey Club*, 229 S.W.3d 126, 131 (Mo. App. 2007). "The constitutional issue must be real and substantial, not merely colorable." *McNeal*, 472 S.W.3d at 195. When a party's claim is

9

not real and substantial, but instead is merely colorable, review by this Court is proper. *Dubinsky*, 229 S.W.3d at 131. We have jurisdiction to adjudicate this issue because the constitutional claim raised by Employee is merely colorable.

Employee fails to develop and support either a due process or equal protection argument. He argues a violation of his rights to "due process" generally, without identifying any specific way in which his due process rights were violated. *See, e.g.*, ***Greasel Conversions, Inc. v. Massa***, 399 S.W.3d 456, 462 (Mo. App. 2013) (constitutional due process generally requires notice and opportunity to be heard); *see also **Cosby***, 579 S.W.3d at 209 ("due process is not violated simply because a statute is ambiguous and requires construction"). Although the crux of Employee's constitutional argument is an alleged violation of equal protection, he similarly fails to develop any equal protection analysis. *See, e.g.*, ***Cosby***, 579 S.W.3d at 209 (applying a two-step analysis for equal protection violation claims: (1) determine whether the classification at issue involves a suspect class, such as race or gender, or whether a fundamental right is at issue; (2) if not, then apply rational-basis review to determine whether the challenged law is rationally related to some legitimate end); *see also **Ahern v. P & H, LLC***, 254 S.W.3d 129, 134-35 (Mo. App. 2008). Lastly, we note that all statutes of limitations necessarily treat those that file before the deadline differently than those who file after the deadline. *See, e.g.*, ***Cosby***, 579 S.W.3d at 208 (acknowledging that based upon a limitation provision, the legislature can eliminate a cause of action without violating our constitution). Here, the Commission properly applied ***Couch*** and ***Naeter***, which interpreted the plain and ordinary meaning of the words used in § 287.430, to these facts. Because Employee failed to establish a "real and substantial" constitutional claim, Point 3 is denied.

10

*Point 4*

In Employee's fourth point, he assumes the claim against the SIF was timely filed and argues that the Commission's decision to deny SIF relief "is against the weight of the competent and substantial evidence."  Because of our disposition of Points 1-3, Point 4 is moot and will not be addressed.

The Commission's decision is affirmed.

JEFFREY W. BATES, C.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR